[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 27, 2012
JOHN LEY
CLERK

No. 11-15556
Non-Argument Calendar
_____

Agency No. A077-003-179

MOHANRAJ RAHIMAN,

                                                                        Petitioner,

versus

U.S. ATTORNEY GENERAL,

                                                                        Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(June 27, 2012)

Before CARNES, HULL and WILSON, Circuit Judges.

PER CURIAM:

Mohanraj Rahiman, a native and citizen of Guyana, seeks review of the Board of Immigration Appeals' ("BIA") order dismissing Rahiman's appeal of the Immigration Judge's ("IJ") denial of his motion to reopen and rescind his in absentia removal order, filed pursuant to the Immigration and Nationality Act ("INA") § 240(b)(5)(C), 8 U.S.C. § 1229a(b)(5)(C).  After review, we dismiss in part and deny in part Rahiman's petition for review.

## I.  BACKGROUND

While this petition is before this Court on only a motion to reopen, we outline what happened in the nine years before the motion was filed.

**A.     1999 Notice to Appear**

On March 20, 1999, Rahiman tried to use a counterfeit Trinidadian passport to enter the United States through Miami International Airport and was detained. In credible fear interviews, Rahiman, who is of Indian descent, said that he feared persecution in Guyana by people of African descent.

On April 5, 1999, the Immigration and Naturalization Service ("INS") served Rahiman with a Notice to Appear, charging him with: (1) procuring, by fraud or willful misrepresentation, a visa, other documentation, or admission into the United States, in violation of INA § 212(a)(6)(C)(i), 8 U.S.C. § 1182(a)(6)(C)(i); and (2) being an alien who, at the time of application for

2

admission, was not in possession of a valid unexpired immigrant visa, reentry permit, border crossing card, or other valid entry document, in violation of INA § 212(a)(7)(A)(i)(I), 8 U.S.C. § 1182(a)(7)(A)(i)(I).

At a July 22, 1999 calendar hearing, Rahiman filed an application for asylum and withholding of removal. His application asserted that he feared persecution in Guyana based on his race and his involvement with the Progressive Youth Organization, which was aligned with the People's Progressive Party, the ruling political party and the party of the Indo-Guyanese. During the July 22 hearing, the IJ advised Rahiman, orally and in writing, of the consequences of his failure to appear at his removal hearing.

## B.    March 13, 2002 <u>In Absentia</u> Removal Order

Rahiman's asylum hearing was set for August 22, 2000, and notice was mailed to Rahiman's attorney. Rahiman did not appear at the hearing, but Rahiman's attorney appeared. Noting that Rahiman had received proper notice of the hearing, the IJ determined that Rahiman had abandoned his claims for relief from removal and ordered him removed <u>in absentia</u>.

On September 5, 2000, Rahiman filed a motion to reopen his removal proceedings, contending that he had not appeared at the asylum hearing because he was afraid his immigration case would take a "wrong turn," and thus became

nervous and could not board the airplane. The IJ denied the motion to reopen after finding that Rahiman had not shown exceptional circumstances. Rahiman appealed to the BIA, which determined that Rahiman had established exceptional circumstances and remanded to the IJ for further proceedings.

The IJ set a new hearing date for March 13, 2002. On July 2, 2001, the IJ mailed notice of the hearing to Rahiman's counsel of record. Once again, Rahiman's counsel attended the March 13, 2002 hearing, but Rahiman did not appear. The IJ stated that the hearing was held pursuant to proper notice and determined that Rahiman had abandoned his claims for relief. Noting that "the issue of removability [had been] resolved," the IJ ordered Rahiman removed in absentia.

## C.    April 26, 2011 Motion to Reopen

Nine years later, on April 26, 2011, Rahiman filed a motion to reopen his March 13, 2002 removal hearing and to rescind his in absentia removal order based on "lack of notice and ineffective assistance of counsel." Rahiman claimed that he failed to attend the March 13, 2002 removal hearing because his attorney did not inform him of it. Rahiman further argued that he was prejudiced by his attorney's ineffective assistance because Rahiman recently was detained and was subject to removal to Guyana, where his life would be threatened. Rahiman

4

attached a copy of an April 20, 2011 Florida Bar complaint in which he alleged that his attorney in 2002 was not cooperative or helpful, but did not claim that his attorney failed to tell him of the scheduled hearing.

Rahiman also attached his sworn statement. Rahiman averred that his attorney became upset because Rahiman called so often to check on the status of his immigration case and advised Rahiman he would call when there was news. When Rahiman did not hear from his attorney, Rahiman tried to call him and got a recording that the number was no longer in service. Rahiman then learned that a removal order had been entered on March 13, 2002 and decided he would pursue his education, as follows:

> I decided to wait and give him his time since I was told these proceedings can take several months even up to a year. I never heard from him since and finally when I call him, I got a recording saying this number is no longer in service. But I did find out that there was a deportation order against me on March 13, 2002. At this time I became very frustrated and decided I would go to school and pursue my education.

Rahiman stated that, thereafter, he earned an associate's degree at Bronx Community College, a bachelor's degree from the City University of New York in 2006 and a master's degree from Fordham University in 2008.

Rahiman subsequently submitted a second Florida Bar complaint, dated May 24, 2011, in which Rahiman claimed that he repeatedly tried to reach his

attorney and the failure to reach his attorney resulted in Rahiman not knowing the date of his March 13, 2002 hearing. Rahiman also submitted documentation showing that on May 13, 2009, and again on March 17, 2011, he sought assistance from a New York immigration clinic. With a clinic attorney's help, Rahiman requested a copy of his immigration file pursuant to the Freedom of Information Act and received the file in May 2011.

On August 17, 2011, the IJ denied Rahiman's motion to reopen. The IJ noted that, although Rahiman claimed he did not receive notice of the March 13, 2002 removal hearing due to his counsel's ineffective assistance, his counsel appeared on his behalf at that 2002 hearing. The IJ also found, based on Rahiman's sworn statement, that Rahiman waited nine years after learning of the removal order to file the motion to reopen. The IJ concluded that Rahiman's motion to reopen was time-barred because it was filed more than 180 days after entry of the removal order and that ineffective assistance did not equitably toll the 180-day deadline. The IJ alternatively concluded that, even if equitable tolling applied, Rahiman had not acted with due diligence.

Rahiman appealed to the BIA arguing, inter alia, that the IJ misread Rahiman's sworn statement and that Rahiman did not find out about the in absentia removal order until some time after the March 13, 2002 hearing, as

6

follows:

> Respondent is not saying that he found out on March 13, 2002 he was ordered deported. He is saying he found out that his order of removal was entered on that day. He also is not saying that he found out about his removal at the time he was calling his lawyer back in 2002. Rather he is highlighting here that it is at the time that he finally did call him, after waiting all this time, that he discovered that the lawyer's phone was disconnected, and it is roughly around that exact time that he later learned he was ordered removed.

Rahiman contended that he was diligent because he sought help from the immigration clinic in 2009. However, Rahiman did not say when he learned of the March 13, 2002 removal order or why he waited until 2009 to seek legal assistance.

The BIA dismissed Rahiman's appeal. The BIA determined that Rahiman received proper notice of the March 13, 2002 hearing because his counsel actually received notice of the hearing. To the extent Rahiman claimed exceptional circumstances, his motion to reopen was time-barred and the 180-day deadline could not be equitably tolled even in the case of ineffective assistance of counsel. Alternatively, the BIA concluded that Rahiman's lack of due diligence foreclosed the application of equitable tolling. Even though Rahiman had notice that the INS sought to remove him, he failed to take any actions to inquire into the status of his proceedings from 2002 until he sought legal advice in May 2009 and he failed to

7

offer any explanation for that lengthy wait. The BIA also declined to reopen

Rahiman's proceedings <u>sua sponte</u>. Rahiman petitioned for review.

## II. DISCUSSION

If an alien fails to appear at his removal hearing, the IJ must order the alien

removed <u>in absentia</u> if the government proves by clear, unequivocal and

convincing evidence that the alien received proper notice and is removable. <u>See</u>

INA § 240(b)(5)(A), 8 U.S.C. § 1229a(b)(5)(A); 8 C.F.R. §§ 1208.10,

1208.2(c)(3)(ii). The alien may move to reopen the proceedings and rescind the <u>in</u>

<u>absentia</u> removal order: (1) within 180 days after the entry of the <u>in absentia</u>

removal order if he shows "that the failure to appear was because of exceptional

circumstances"; or (2) "at any time" if he shows that he did not receive proper

notice of the hearing. INA § 240(b)(5)(C)(i)-(ii), 8 U.S.C. § 1229a(b)(5)(C)(i)-(ii).

Here, Rahiman filed his motion to reopen based on both lack of proper notice and

exceptional circumstances.[1]

---

[1]We review the denial of a motion to reopen for abuse of discretion. <u>Anin v. Reno</u>, 188 F.3d 1273, 1276 (11th Cir. 1999). "Our review is limited to determining whether there has been an exercise of administrative discretion and whether the matter of exercise has been arbitrary or capricious." <u>Abdi v. U.S. Att'y Gen.</u>, 430 F.3d 1148, 1149 (11th Cir. 2005) (internal quotation marks omitted). In the context of a motion to reopen and rescind a removal order entered <u>in absentia</u>, our review is limited to: (1) "the validity of the notice provided to the alien"; (2) "the reasons for the alien's not attending the proceeding"; and (3) "whether or not the alien is removable." INA § 240(b)(5)(D), 8 U.S.C. § 1229a(b)(5)(D); <u>see also</u> <u>Contreras-Rodriguez v. U.S. Att'y Gen.</u>, 462 F.3d 1314, 1317 (11th Cir. 2006). Where, as here, the BIA did not expressly adopt the IJ's decision or reasoning, we review only the BIA's decision. <u>See</u> <u>Al Najjar</u>

## A.    Notice of March 13, 2002 Hearing

Rahiman argues that the BIA violated his due process rights when it found that he received proper notice of the asylum hearing despite his attorney's ineffective assistance.

In removal proceedings, the IJ is required to provide an alien notice regarding the time and place of each hearing.  INA § 239(a)(1)-(2), 8 U.S.C. § 1229(a)(1)-(2).  That notice may be provided by personal service on the alien or service by mail to the alien or the alien's counsel of record.  INA § 239(a)(1), (2)(a), 8 U.S.C. § 1229(a)(1), (2)(a); see also 8 C.F.R. § 1292.5(a).  "Due process is satisfied if notice is accorded in a manner reasonably calculated to ensure that notice reaches the alien," and service by mail to an alien's counsel of record satisfies this standard.  Anin v. Reno, 188 F.3d 1273, 1277-78 (11th Cir. 1999) (internal quotation marks omitted). Therefore, actual notice to the alien is not required under the INA and "the fact that [the alien] did not receive actual notice . . . does not present a violation of the Due Process Clause."  Id. at 1276-77 (interpreting predecessor to INA § 239(a), 8 U.S.C. § 1229(a), formerly found at INA § 242B(c), 8 U.S.C. § 1252b(c) (1994)).

Here, the INS mailed notice of the March 13, 2002 hearing to Rahiman's

v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001).

9

counsel of record. That notice contained information as to the date, time and place of the 2002 hearing and the consequences of failing to appear. Importantly, Rahiman's counsel actually received the notice given that he attended the hearing. The notice was sufficient and was sent in a manner reasonably calculated to ensure it reached Rahiman. Rahiman's motion to reopen thus did not show that he failed to receive proper notice of the March 13, 2002 hearing. Accordingly, the BIA did not violate Rahiman's due process rights, much less abuse its discretion, when it denied Rahiman's motion to reopen based on lack of notice.

## B. Exceptional Circumstances

The other basis for Rahiman's motion to reopen is his attorney's ineffective assistance. Under some circumstances, an attorney's ineffective assistance can constitute "exceptional circumstances." See, e.g., Montano Cisneros v. U.S. Att'y Gen., 514 F.3d 1224, 1226 (11th Cir. 2008) (involving aliens who failed to appear because counsel advised them they did not need to attend the scheduled hearing). However, an alien's motion to reopen and rescind an in absentia removal order based on exceptional circumstances must be filed "within 180 days after the date of the order of removal." INA § 240(b)(5)(C)(i), 8 U.S.C. § 1229a(b)(5)(C)(i). This Court has explained that because "congressional filing deadlines should be read literally by federal courts," the INA's time limitations with respect to motions

10

to reopen, although "inherently . . . arbitrary and harsh," are "jurisdictional and mandatory." Abdi v. U.S. Att'y Gen., 430 F.3d 1148, 1150 (11th Cir. 2005) (involving 90-day deadline for general motions to reopen found in INA § 240(c)(7)(C), 8 U.S.C. § 1229a(c)(7)(C)); see also Anin, 188 F.3d at 1278. Consequently, this Court has concluded that those statutory deadlines cannot be equitably tolled or excused because of ineffective assistance of counsel. See Abdi, 430 F.3d at 1150; Anin, 188 F.3d at 1278.

Here, it is undisputed that Rahiman's motion to reopen based on ineffective assistance of counsel was not filed until April 26, 2011, nine years after the IJ's March 13, 2002 removal order. Thus, to the extent Rahiman's motion to reopen was based on exceptional circumstances, Rahiman failed to timely file it within the 180-day deadline in INA § 240(b)(5)(C)(i), 8 U.S.C. § 1229a(b)(5)(C)(i).

Rahiman argues that the 180-day deadline is subject to equitable tolling due to his counsel's ineffective assistance. Rahiman points out that other circuits have determined that the INA's filing deadlines for motions to reopen are akin to statutes of limitations and not jurisdictional and thus can be equitably tolled. See, e.g., Borges v. Gonzales, 402 F.3d 398, 406 (3d Cir. 2005); Iavorski v. INS, 232 F.3d 124, 129-30 (2d Cir. 2000); Lopez v. INS, 184 F.3d 1097, 1100 (9th Cir. 1999). We are bound by Anin and Abdi, however, which do not recognize

11

equitable tolling of filing deadlines for motions to reopen based on ineffective assistance of counsel. Accordingly, the BIA did not abuse its discretion when it concluded that Rahiman's motion to reopen and rescind his in absentia removal order based on exceptional circumstances was time-barred.

In any event, we agree with the BIA that, even if the 180-day deadline could be equitably tolled, the circumstances in Rahiman's case would not warrant such equitable relief because Rahiman failed to exercise due diligence. By his own admission, Rahiman knew of the in absentia removal order before be decided to pursue his education. Given that Rahiman obtained his bachelor's degree in 2006, he learned of the removal order well before 2006. Yet Rahiman took no action until 2009, when he sought legal assistance from an immigration clinic, and he did not file his motion to reopen until 2011.

Finally, Rahiman contends the BIA abused its discretion when it did not reopen his removal proceedings sua sponte pursuant to 8 C.F.R. § 1003.2(a). We lack subject-matter jurisdiction to review such a claim. See Lenis v. U.S. Att'y Gen., 525 F.3d 1291, 1292-93 (11th Cir. 2008). Contrary to Rahiman's argument, the Supreme Court has not overruled Lenis. See Kucana v. Holder, 558 U.S. ___, 130 S. Ct. 827, 839 n.18 (2010) ("We express no opinion on whether federal courts may review the Board's decision not to reopen removal proceedings sua

12

sponte.  Courts of Appeals have held that such decisions are unreviewable because sua sponte reopening is committed to agency discretion by law.").  Accordingly, Rahiman's petition is dismissed to the extent it seeks review of the BIA's failure to sua sponte reopen his removal proceedings.

**DENIED IN PART, DISMISSED IN PART.**