[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUG 29, 2006
THOMAS K. KAHN
CLERK

_____

No. 06-10077
Non-Argument Calendar

_____

Agency No. A91-606-350

SAUL CONTRERAS-RODRIGUEZ,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(August 29, 2006)**

Before TJOFLAT, BLACK and KRAVITCH, Circuit Judges.

PER CURIAM:

Saul Contreras-Rodriguez petitions for review of the Board of Immigration

Appeals's ("BIA") affirmance of the Immigration Judge's ("IJ") denial of his motion to reopen removal proceedings. We conclude that the IJ and BIA erred by holding that they lacked jurisdiction over the motion to reopen. Accordingly, we grant the petition and remand to the BIA with instructions to address the petitioner's notice argument.

## I. Background

Contreras-Rodriguez, a native and citizen of Mexico, entered the United States in 1988 and became a lawful permanent resident in 1989. In 1996, he pleaded guilty to a charge of battery and received a twelve-month sentence. In late 1998 or early 1999, Contreras-Rodriguez filed an application for naturalization, in which he disclosed his conviction and listed his address as Beechland Circle. Contreras-Rodriguez contends that he notified the Immigration & Naturalization Service ("INS")[1] of his address change to S. Grimes Street. On September 28, 2000, the INS sent a notice of naturalization interview to Contreras-Rodriguez's new address on S. Grimes Street.

In 2001, the INS issued a notice to appear, charging Contreras-Rodriguez

---

[1] On November 25, 2002, President Bush signed into law the Homeland Security Act of 2002, Pub. L. No. 107-296, 116 Stat. 2125. The Act created a new Department of Homeland Security ("DHS"), abolished the INS, and transferred the INS's functions to the new department. Because this case commenced while the INS was in existence, we refer to the INS rather than to the DHS.

with removability under INA § 237(a)(2)(a)(ii) based on his conviction. The notice ordered Contreras-Rodriguez to appear for a hearing before an IJ at a date and time to be determined. In January 2002, the INS sent Contreras-Rodriguez a notice that a hearing in his case had been scheduled for July 23, 2002. The government concedes that the notice to appear and the hearing notice were sent to the address listed on the application for naturalization, Beechland Circle. Contreras-Rodriguez did not appear for the hearing, and the IJ ordered him removed in absentia because there was sufficient evidence of the prior conviction to establish his removability. The IJ also noted that the failure to appear waived any claims for discretionary relief Contreras-Rodriguez may have raised. Contreras-Rodriguez was arrested and deported in 2003.

In 2004, Contreras-Rodriguez moved to reopen the proceedings, arguing that he had not received notice of the deportation hearing because the notice had been mailed to the wrong address. He explained that he had informed the INS of his new address and that the INS was aware of the new address because it mailed a notice of his naturalization interview to the new address.

The government responded that the IJ lacked jurisdiction to reopen the proceedings because Contreras-Rodriguez had been removed. The government also noted that it had reason to believe that Contreras-Rodriguez had re-entered the

3

United States illegally after his deportation and that Contreras-Rodriguez had attempted to obtain a replacement copy of his registration card, which is evidence of an alien's status as a lawful permanent resident with a right to live and work permanently in the United States, after his deportation. The request for a replacement card was denied because Contreras-Rodriguez was no longer a lawful permanent resident.[2]

The IJ denied the motion to reopen, concluding that it lacked jurisdiction because Contreras-Rodriguez had been removed from the United States. Contreras-Rodriguez appealed to the BIA, asserting that the IJ could reopen the proceedings at any time under 8 C.F.R. § 1003.23(b)(4)(ii), and that there were due process concerns in his deportation proceeding because he had not received notice of the hearing. The BIA affirmed the IJ's order and dismissed the appeal. Contreras-Rodriguez now petitions this court for review.[3]

## II. Standard of Review

We review the BIA's decision "except to the extent the BIA expressly adopts the IJ's decision." Chacon-Botero v. U.S. Attorney Gen., 427 F.3d 954,

---

[2] We do not address these issues because the government did not discuss them in its appellate brief.

[3] After Contreras-Rodriguez filed his notice of appeal, this court instructed the parties to brief three jurisdictional questions, which were to be carried with the case. Because the answers to those questions do not affect our holding, we do not address the questions or answers.

957 n.3 (11th Cir. 2005). When the BIA adopts the IJ's decision, we also review

the IJ's decision. Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001). We

review the denial of a motion to reopen for abuse of discretion. Ali v. U.S.

Attorney Gen., 443 F.3d 804, 808 (11th Cir. 2006). To the extent Contreras-

Rodriguez raises a constitutional challenge, we review that challenge de novo. Id.

### III. Discussion

This appeal raises two questions: (1) whether we have jurisdiction over

Contreras-Rodriguez's petition for review; and (2) whether the IJ properly denied

the motion to reopen.[4]

We retain jurisdiction to address questions of law and constitutional

questions. 8 U.S.C. § 1252(a)(2)(D); Ali, 443 F.3d at 809.[5] This jurisdiction

extends to the review of the denial of a motion to reopen. Ali, 443 F.3d at 809 n.2.

Contreras-Rodriguez argues that he raised a constitutional challenge to the

government's failure to provide him with notice of the deportation hearing. The

---

[4] We do not review the merits of the in absentia order of removal because it does not appear from the record that Contreras-Rodriguez appealed that issue to the BIA. 8 U.S.C. § 1252(a)(2)(D); Sundar v. INS, 328 F.3d 1320, 1323 (11th Cir. 2003).

[5] Under 8 U.S.C. § 1252 and the REAL ID Act § 106(a), we also retain jurisdiction to review a final order of the BIA to determine whether the petitioner is "an alien who is removable by reason of having committed" an aggravated felony. Balogun v. U.S. Attorney Gen., 425 F.3d 1356, 1359 (11th Cir. 2005); 8 U.S.C. § 1252(a)(2)(C). The parties do not dispute that Contreras-Rodriguez was an alien who was removable by reason of having committed an aggravated felony. Therefore, we lack jurisdiction on that basis.

government responds that Contreras-Rodriguez did not exhaust his due process claim because he failed to raise the claims before the IJ or BIA. A review of the record, however, contradicts the government's argument. Thus, we have jurisdiction to review the constitutional claim.

Under 8 U.S.C. § 1229a(b)(5), an alien who has been given notice of proceedings and fails to appear "shall be ordered removed in absentia if [the INS] establishes by clear, unequivocal, and convincing evidence that the written notice was so provided and that the alien is removable." 8 U.S.C. § 1229a(b)(5)(A); Patel v. U.S. Attorney Gen., 334 F.3d 1259, 1261 (11th Cir. 2003) (holding that there is no jurisdiction to reopen proceedings after the alien has been removed). However, the order of removal may be rescinded, inter alia, "upon motion to re-open filed at any time if the alien demonstrates that the alien did not receive notice." 8 U.S.C. § 1229a(b)(5)(C); 8 C.F.R § 1003.23(b)(4)(ii). In reviewing the motion to reopen, the court's review is limited to "(i) the validity of the notice provided to the alien, (ii) the reasons for the alien's not attending the proceeding, and (iii) whether or not the alien is removable." 8 U.S.C. § 1229a(b)(5)(D).

We have not addressed the interplay between § 1003.23(b)(4)(ii) and the precedent holding that the IJ and BIA lack jurisdiction to reopen the proceedings once the alien has been removed. We believe Patel is inapposite, however, because

6

a motion to reopen in absentia proceedings can be made at any time if the alien can show that he did not receive notice. 8 C.F.R. § 1003.23(b)(4)(ii).  Consequently, we hold that the IJ and BIA retain jurisdiction to reopen the proceedings to address whether Contreras-Rodriguez received sufficient notice of the removal hearing.

Neither the IJ nor the BIA addressed Contreras-Rodriguez's notice claim or made any factual findings regarding the claim, and it is not our role to make such factual findings.  INS v. Ventura, 537 U.S. 12, 16 (2002) (holding that "[a] court of appeals is not generally empowered to conduct a de novo inquiry into the matter being reviewed and to reach its own conclusions based on such an inquiry . . . . Rather, the proper course, except in rare circumstances, is to remand to the agency for additional investigation and explanation.").  Accordingly, we grant Contreras-Rodriguez's petition and remand to the BIA for further proceedings consistent with this opinion.

PETITION GRANTED AND CASE REMANDED.