[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 06-15520
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
June 15, 2007
THOMAS K. KAHN
CLERK

BIA No. A73-761-385

KAMLESH KANTIBHAI-PATEL,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(June 15, 2007)**

Before TJOFLAT, BARKETT, and HULL, Circuit Judges.

PER CURIAM:

Kamlesh Kantibhai-Patel ("Patel"), through counsel, petitions for review of

the Board of Immigration Appeal's ("BIA") denial of his motion to reopen his

removal proceedings and its denial of his motion for reconsideration. On December

19, 1995, the Immigration and Naturalization Service ("INS") issued Patel, a native and citizen of India, an order to show cause ("OSC") as to why he should not be deported as an alien who entered the United States without inspection. The OSC, which was read to Patel in Hindu, stated that, if he was ordered deported in absentia, he could move to reopen at any time if he could show that he "did not receive written notice of [his] hearing and [he] provided changes of [his] address."

Patel notified the INS that his address was: 301 N. Central Ave., No. 207, Hapeville, Georgia, 30354. On July 11, 1996, a notice was sent to Patel that his hearing was scheduled for September 18, 1996, although the envelope was addressed "Haperville," instead of Hapeville. A registered mail receipt received by the immigration court indicated that a notice was received by a Ruth Tanner at 301 N. Central Ave., No. 207, "Haperville," Georgia, and this notice was dated as delivered on July 13, 1997, although the return receipt was stamped as filed with the Immigration Court on July 15, 1996. An Immigration Judge ("IJ") ordered Patel deported in absentia on September 18, 1996, and attached to the deportation order was a "record of deportable alien," which stated that all forms were translated into Hindu by an interpreter for Patel.

On August 22, 2005, Patel filed a motion to reopen his deportation proceedings, arguing that: (1) he never received notice of his deportation hearing; (2) he speaks Gujarati, not Hindu; and (3) he was eligible to adjust his status to that

2

of a lawful permanent resident due to his marriage to a U.S. citizen. The IJ denied Patel's motion to reopen, finding that: (1) a notice of hearing was sent to Patel, at the address that he provided, on July 11, 1996; (2) the registered mail receipt form for this notice was received by the Immigration Court on July 15, 1996; (3) the envelope containing the notice had been opened and then returned to the Immigration Court, marked as "Returned to Sender not Del as Addressed"; and (4) although the date of delivery of the notice was listed as July 13, 1997, "[t]his [was] clearly an error inasmuch as the receipt notice was returned to and received by the Court on July 15, 1996." It also noted that: (1) the OSC was served on Patel personally, and included the consequences of failing to appear at his hearing; (2) Patel did not claim that he could not speak or understand Hindu, and "Ethologue.com" reported that Gujarati and Hindu "share the same language roots," such that "[t]here [was] nothing of record to indicate that the only language [Patel] spoke and understood was Gujarati"; and (3) there is no "Haperville," but only a "Hapeville," in Georgia.

BIA affirmed this decision on September 25, 2006, and, on October 18, 2006, Patel filed a petition for review before us. On October 24, 2006, Patel filed a motion to reconsider with the BIA, arguing that he was eligible to adjust his status to that of a lawful permanent resident, and the BIA denied this motion.

We review the BIA's denial of a motion to reopen for an abuse of discretion.

3

Mejia-Rodriguez v. Reno, 178 F.3d 1139, 1145 (11th Cir. 1999). The discretion afforded to the BIA under 8 C.F.R. § 1003.2(a) with respect to granting and denying motions to reopen is expansive. See Anin v. Reno, 188 F.3d 1273, 1279 (11th Cir. 1999) (providing that the regulation gives the BIA discretion to reopen proceedings "as it sees fit"). Specifically, the provision provides that "[t]he Board has discretion to deny a motion to reopen even if the party moving has made out a prima facie case for relief." 8 C.F.R. § 1003.2(a). Judicial review is limited to determining "whether there has been an exercise of administrative discretion and whether the matter of exercise has been arbitrary or capricious." Garcia-Mir v. Smith, 766 F.2d 1478, 1490 (11th Cir. 1985) (internal quotation omitted). Furthermore, motions to reopen are disfavored in removal proceedings. INS v. Doherty, 502 U.S. 314, 323, 112 S.Ct. 719, 724, 116 L.Ed.2d 823 (1992).

The Immigration and Naturalization Act ("INA") provides that any alien who, after receiving written notice, does not attend a proceeding shall be ordered removed in absentia if the INS establishes by "clear, unequivocal, and convincing evidence" that: (1) it gave written notice of the proceedings; and (2) the alien was removable. INA § 240(b)(5)(A), 8 U.S.C. § 1229a(b)(5)(A). An in absentia removal order may be rescinded if an alien files a motion to reopen the proceedings either: (1) within 180 days after the order of removal; or (2) if, at any time, the alien demonstrates that he did not receive proper notice of the removal

4

proceedings. INA §240(b)(5)(C); 8 U.S.C. § 1229a(b)(5)(C). "Service by mail . . . shall be sufficient if there is proof of attempted delivery to the last address provided by the alien . . ." INA § 240(c); 8 U.S.C. § 1229(c); 8 C.F.R. § 1003.23(b)(4)(ii). In reviewing a motion to reopen where an alien alleges lack of notice, our review is limited to: (1) "the validity of the notice provided to the alien"; (2) "the reasons for the alien's not attending the proceeding"; and (3) "whether or not the alien is removable." Contreras-Rodriguez v. U.S. Att'y Gen., 462 F.3d 1314, 1317 (11th Cir. 2006) (citing INA § 240(b)(5)(D); 8 U.S.C. § 1229a(b)(5)(D)).

Furthermore, at the time when Patel was ordered deported, the INA provided that:

> Any alien against whom a final order of deportation [was] entered in absentia . . . and, who . . . was provided oral notice, either in the alien's native language or in another language the alien understands, of the time and place of the proceedings and of the consequences . . . of failing . . . to attend a proceeding . . . shall not be eligible for relief . . . for a period of 5 years after the date of the entry of the final order of deportation.

INA § 242B(e)(1) (1996); 8 U.S.C. § 1252b(e)(1) (1996).

The BIA did not abuse its discretion by denying Patel's motion to reopen because the record supports the conclusions that: (1) delivery of the notice of hearing was made at the last address provided by Patel before he was ordered deported; and (2) Patel had been warned orally, in a language that he understood,

5

of the consequences of failing to attend his deportation hearing. Accordingly, we deny this portion of the petition for review.

Patel's next argument on appeal is that the IJ failed to consider his application to adjust his status to that of a lawful permanent resident, which he raised in his motion to reconsider before the BIA.

By statute, an alien seeking review of a final order of the BIA must filed a petition for review within 30 days of the issuance of the final order. INA § 242(b)(1); 8 U.S.C. § 1252(b)(1). The Supreme Court has stated that, where a motion to reconsider is denied, "the petitioner would file a separate petition to review that second final order." Stone v. INS, 514 U.S. 386, 395, 115 S.Ct. 1537, 1544, 131 L.Ed.2d 465 (1995). We have held that an express designation of an order appealed from infers the lack of intent to appeal an unmentioned order. Osterneck v. E.T. Barwick Indus., Inc., 825 F.2d 1521, 1529 (11th Cir. 1987) (securities context).

We do not have jurisdiction to review the BIA's decision denying Patel's motion for reconsideration because his petition for review only references the BIA's denial of his motion to reopen, and he did not file a separate petition for review of the denial of the motion to reconsider. Accordingly, we deny the petition in part, and dismiss it in part.

**DENIED IN PART, DISMISSED IN PART.**