[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
July 9, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-15971
Non-Argument Calendar

_____

BIA No. A34-613-747

HAMEL IAN SANKAR,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(July 9, 2008)**

Before ANDERSON, HULL and PRYOR, Circuit Judges

PER CURIAM:

Hamel Ian Sankar, a citizen and resident of Canada, petitions this Court for

review of the decision of the Board of Immigration Appeals that dismissed his appeal of the denial of his motion to reopen his removal proceedings. Sankar argues that the Board erroneously concluded that the Immigration Judge did not have jurisdiction over his motion because he was outside the United States. We deny the petition.

Sankar, a native and citizen of Canada, first entered the United States in 1977. In 2004, Sankar was convicted of possession of cocaine in violation of Florida law. Fla. Stat. §§ 893.13(6)(A), 893.02(2)(a)(4). In 2005, the Department of Homeland Security commenced removal proceeding against Sankar based on his convictions. Sankar admitted the allegations, conceded removability, and was removed to Canada.

Almost two years later, Sankar filed a motion to reopen his removal proceedings. The Immigration Judge denied the motion because Sankar was no longer in the United States. 8 C.F.R. § 1003.23(b)(1). Sankar filed another motion to reopen that was also denied by the Immigration Judge. Sankar appealed to the Board, but the Board dismissed Sankar's appeal.

We review the denial of a motion to reopen for abuse of discretion. Contreras-Rodriguez v. U.S. Att'y Gen., 462 F.3d 1314, 1316 (11th Cir. 2006). Although the government argues that this Court does not have jurisdiction over this appeal because we do not have jurisdiction over final orders removing aliens who

committed a covered crime, we have jurisdiction if the alien, as here, raises a "constitutional claim or question[] of law," 8 U.S.C. § 1252(a)(2)(D).

The Immigration Judge did not have jurisdiction to consider Sankar's motion to reopen. The regulation governing the consideration of a motion to reopen prohibits an Immigration Judge from hearing a motion filed by individuals outside the United States. 8 C.F.R. § 1003.23(b)(1). It is undisputed that Sankar was in Canada when he filed his motion to reopen.

Sankar argues that, because his deportation was "unlawful," this Court should not give effect to those regulations, but we disagree. Sankar contends that his removal was "unlawful" because under Lopez v. Gonzales, 549 U.S. 47, 127 S. Ct. 625 (2006), decided eighteen months after he returned to Canada, his criminal convictions were insufficient for removal. Sankar's argument is meritless. The decision Sankar relies upon to support his theory involved a procedurally defective removal. Mendez v. INS, 563 F.2d 956, 958 (9th Cir. 1977).

Sankar's petition for review is **DENIED**.

3