[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 6, 2009
THOMAS K. KAHN
CLERK

No. 08-14308
Non-Argument Calendar

_____

Agency No. A95-467-240

GUANG YAO HUANG,

                                                                    Petitioner,

versus

U.S. ATTORNEY GENERAL,

                                                                    Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(April 6, 2009)**

Before HULL, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

Guang Yao Huang, a citizen of China, petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming the Immigration Judge's ("IJ") denial of his application for asylum, withholding of removal, and relief under the United Nations Convention Against Torture ("CAT"). After review, we dismiss in part and deny in part the petition for review.

## A.    Asylum Application

Huang challenges the conclusion that his asylum application was untimely. We lack jurisdiction to review the determination that Huang's asylum application was not timely filed. See Immigration and Nationality Act ("INA") § 208(a)(3), 8 U.S.C. § 1158(a)(3); Chacon-Botero v. U.S. Att'y Gen., 427 F.3d 954, 956-57 (11th Cir. 2005). However, Huang also makes a due process argument, and we retain jurisdiction to consider questions of law and constitutional claims. INA § 242(a)(2)(D), 8 U.S.C. § 1252(a)(2)(D); Contreras-Rodriguez v. U.S. Att'y Gen., 462 F.3d 1314, 1316-17 (11th Cir. 2006).

Huang argues that the IJ's decision to exclude the live testimony of his cousin as to Huang's date of entry into the United States – the starting point for the one-year filing deadline – deprived him of due process. We disagree. To show a due process violation, "an alien must show that he was deprived of liberty without due process of law and that the asserted error caused him substantial prejudice." Gonzalez-Opreza v. U.S. Att'y Gen., 321 F.3d 1331, 1333 (11th Cir. 2003)

2

(citation omitted). Huang submitted an affidavit from his cousin stating Huang's entry date, which the IJ allowed. The IJ also considered this evidence in ruling on the timeliness of Huang's asylum application. Huang does not argue, or show, that his cousin would have testified to anything different from what was in his affidavit. Thus, Huang has not shown that the IJ's decision to exclude his cousin's live testimony resulted in substantial prejudice.

## B. Withholding of Removal and Adverse Credibility Finding

Huang claims that he suffered past persecution and has a well-founded fear of future persecution because he and his wife violated China's birth control policy. Specifically, Huang contends that Chinese family planning officials forced his wife to abort two pregnancies and to have an IUD inserted and threatened him with mandatory sterilization. Only Huang has come to the United States; his wife remains in China with their son. This case involves only his application for withholding of removal.

Following a hearing, the IJ expressly found that Huang's testimony was not credible and denied the application for withholding of removal. On appeal, the BIA affirmed the IJ's decision and agreed with the IJ's adverse credibility finding.

To establish eligibility for withholding of removal, an applicant must show that his "life or freedom would be threatened in that country because of [his] race, religion, nationality, membership in a particular social group, or political opinion."

3

INA § 241(b)(3)(A), 8 U.S.C. § 1231(b)(3)(A). In other words, the applicant bears the burden to show that it is more likely than not that he will be persecuted on account of a protected ground if returned to his country. Mendoza v. U.S. Att'y Gen., 327 F.3d 1283, 1287 (11th Cir. 2003). To establish eligibility, the applicant must show either that he suffered past persecution or that he has a well-founded fear of future persecution. See 8 C.F.R. § 208.16(b)(1)-(2); Mendoza, 327 F.3d at 1287. Congress has provided by statute that forced abortion, forced sterilization, and other coercive population control measures are forms of political persecution. INA § 101(a)(42), 8 U.S.C. § 1101(a)(42).

Although an adverse credibility determination alone may support a denial of a claim for withholding of removal, if the applicant produces evidence other than his testimony, the IJ and the BIA must consider this evidence as well. See Forgue v. U.S. Att'y Gen., 401 F.3d 1282, 1287 (11th Cir. 2005). In making an adverse credibility finding, the IJ and the BIA must be explicit, Yang v. U.S. Att'y Gen., 418 F.3d 1198, 1201 (11th Cir. 2005), and must offer "specific, cogent reasons" for the determination. Ruiz v. U.S. Att'y Gen., 440 F.3d 1247, 1255 (11th Cir. 2006) (quotation marks omitted). "Once an adverse credibility finding is made, the burden is on the applicant alien to show that the IJ's credibility decision was not

4

supported by specific, cogent reasons or was not based on substantial evidence."

Id. (quotation marks and brackets omitted)[1]

Here, both the IJ and the BIA gave specific, cogent reasons for finding Huang not credible, and those reasons are supported by substantial evidence. The specific, cogent reasons were: (1) Huang provided conflicting testimony regarding how the government discovered his wife's 1998 pregnancy, when he went into hiding during his wife's 2000 pregnancy, and the dates for his wife's first forced abortion; (2) Huang said he went to work a few weeks after his wife's second forced abortion even though he was hiding from government officials at that time and those officials knew where he worked; (3) Huang had difficulty answering questions concerning the termination notice from his employer; (4) the termination notice stated that he had been gone from work for two weeks, but that Huang testified that he had been in hiding for over two months; and (5) Huang had admitted that he had come to the United States because it was his responsibility to make a living.

---

[1]The BIA affirmed the IJ's adverse credibility determination and expanded upon the IJ's reasoning. Thus, we review the IJ's credibility finding as supplemented by the BIA. See Savoury v. U.S. Att'y Gen., 449 F.3d 1307, 1312 (11th Cir. 2006). Credibility findings, like all factual determinations, are reviewed under the substantial evidence test. Mohammed v. U.S. Att'y Gen., 547 F.3d 1340, 1344 (11th Cir. 2008). Our review of credibility determinations is "highly deferential," and we "may not substitute our judgment for that of the Board." Id. (quotation marks and brackets omitted). We will overturn a credibility finding only if the record compels a contrary conclusion. See id.

Huang does not challenge the above inconsistencies, but instead challenges two other findings that it was implausible that Huang's wife's IUD had fallen out by itself and that Huang would have been out helping a friend move merchandise while he was in hiding from birth control officials. We need not address these arguments because, even without these two findings, the other inconsistencies and implausibilities identified by the IJ and the BIA were sufficient to support the adverse credibility finding. Because we conclude that the adverse credibility determination is supported by substantial evidence, we do not address whether Huang's testimony, taken as true, established past persecution or a well-founded fear of future persecution. Furthermore, Huang does not argue that the other evidence in the record, alone, compels a conclusion that he was persecuted or has a well-founded fear of future persecution.[2]

## C.    CAT Relief

To qualify for CAT relief, an applicant must show that it is more likely than not that he will be tortured if removed to the designated country of removal. 8 C.F.R. § 208.16(c)(2). Huang claims that the Chinese government routinely

---

[2]We note, however, that there is reason to question the medical certificates Huang submitted to support his claim that his wife had two forced abortions. The State Department's 2005 China Profile indicates that the State Department is unaware of any official certificates that refer to forced abortions. Similarly, the termination notice from Huang's employer, which stated that he was being terminated because he had twice violated family planning regulations and left his job in an attempt to avoid mandatory sterilization, is also suspect given that it is inconsistent with Huang's testimony concerning the length of time that he was in hiding.

6

tortures returning smuggled aliens.  Although Huang testified that he was mistreated after his first attempt to leave China, Huang's testimony was discredited and cannot be used to prove his eligibility for CAT relief.  Moreover, the 2005 China Profile states that the Chinese government does not mistreat returnees who left the country illegally.  Therefore, substantial evidence supports the finding that Huang was not eligible for CAT relief.

In conclusion, we dismiss Huang's petition for review as to his asylum claim and deny the petition as to his due process, withholding of removal and CAT relief claims.

**PETITION DISMISSED IN PART AND DENIED IN PART.**