[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 29, 2010
JOHN LEY
CLERK

No. 09-12740
Non-Argument Calendar
_____

Agency No. A028-929-906

HELAMAN IQUIQUE, II,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(March 29, 2010)

Before BLACK, BARKETT and HULL, Circuit Judges.

PER CURIAM:

Helaman Iquique, II, seeks review of the Board of Immigration Appeals' (BIA's) order dismissing his appeal, pursuant to 8 C.F.R. § 1003.3(e), because Iquique was deported prior to filing his appeal. After review, we deny the petition.

Iquique first asserts the Immigration Judge (IJ) erred when it denied his motion to reopen his asylum proceedings. We review only the BIA's decision, except to the extent that it expressly adopts the IJ's opinion. *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1284 (11th Cir. 2001). Here, because the BIA did not adopt any part of the IJ's opinion, we do not review the IJ's opinion and Iquique's arguments pertaining to the IJ's errors are irrelevant to this appeal.

Iquique also asserts the BIA violated his statutory and due process right to file a motion to reopen with the IJ because 8 C.F.R. § 1003.3(e) is "*ultra vires*" to 8 U.S.C. § 1229a(c)(7)(A). We review constitutional challenges *de novo*. *Contreras-Rodriguez v. U.S. Att'y Gen.*, 462 F.3d 1314, 1316 (11th Cir. 2006). Pursuant to 8 U.S.C. § 1229a(c)(7)(A), an "alien may file one motion to reopen" his proceedings. 8 C.F.R. § 1003.3(a)(1) provides that a party affected by an IJ's decision may appeal that decision by filing a Notice of Appeal with the BIA. However, "[d]eparture from the United States of a person who is the subject of deportation proceedings, prior to the taking of an appeal from a decision in his or her case, shall constitute a waiver of his or her right to appeal" with the BIA. *Id.* at § 1003.3(e).

2

Iquique asserts the Attorney General went beyond the scope of its statutory authority, 8 U.S.C. § 1229a(c)(7)(A), when it enacted a regulation that waived his right to file an appeal from outside the United States. However, Iquique has not presented any arguments that 8 C.F.R. § 1003.3(e) exceeds the Attorney General's power to create regulations that govern immigration appeals. The BIA's authority comes from various statutes that permit the Attorney General to create an Executive Office for Immigration Review, 6 U.S.C. § 521(a), and the Attorney General's power to establish regulations and review administrative determinations in immigrations proceedings, 8 U.S.C. § 1103(g)(1), (2). Iquique's argument that 8 U.S.C. § 1229a prevents the Attorney General from promulgating 8 C.F.R. § 1003 is unpersuasive as 8 U.S.C. § 1229a deals with motions to reopen rather than notices of appeal to the BIA. Iquique has not presented any arguments that 8 C.F.R. § 1103.3(e) exceeds the Attorney General's power to create regulations governing immigration appeals. Accordingly, we deny the petition for review.

**PETITION DENIED.**