[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-10996
Non-Argument Calendar

_____

Agency No. A091-418-058

SHERON PANCHETA FOSTER,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(September 26, 2012)

Before HULL, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Sheron Foster seeks review of the Board of Immigration Appeal's ("BIA") dismissal of her appeal from the Immigration Judge's ("IJ") denial of her motion to reopen her *in absentia* order of removal.  Foster argues that the IJ and BIA erred in denying her motion to reopen because she did not receive the Notice to Appear ("NTA").

We review the BIA's denial of a motion to reopen for an abuse of discretion.  *Ali v. U.S. Att'y Gen.*, 443 F.3d 804, 808 (11th Cir. 2006).  The BIA's discretion is quite broad, and review "is limited to determining whether there has been an exercise of administrative discretion and whether the matter of exercise has been arbitrary or capricious."  *Id.*  The BIA's factual findings are considered "conclusive unless a reasonable factfinder would be compelled to conclude to the contrary."  *Lonyem v. U.S Att'y Gen.*, 352 F.3d 1338, 1340 (11th Cir. 2003).  In the context of a motion to reopen, whether an alien received sufficient notice of his removal hearing is a finding of fact.  *See Contreras-Rodriguez v. U.S. Att'y Gen.*, 462 F.3d 1314, 1317 (11th Cir. 2006) (granting petition for review and remanding for the BIA to consider in the first instance whether petitioner received a sufficient notice of hearing before being removed *in absentia*).

Any alien who does not attend a proceeding after written notice has been provided is subject to removal *in absentia* if the government establishes by "clear,

2

unequivocal, and convincing evidence" that it gave written notice and that the alien was removable. INA § 240(b)(5)(A), 8 U.S.C. § 1229a(b)(5)(A). "[A] mailing to the last known address is sufficient to satisfy the [government's] duty to provide an alien with notice of a deportation proceeding." *United States v. Zelaya*, 293 F.3d 1294, 1298 (11th Cir. 2002).

An alien may seek rescission of an *in absentia* removal order by filing a motion to reopen at any time if the alien demonstrates that he did not receive proper notice of the removal proceedings or that he was in federal or state custody at the time of the proceedings and the failure to appear was not his fault. INA § 240(b)(5)(C)(ii), 8 U.S.C. § 1229a(b)(5)(C)(ii). The BIA presumes receipt of a notice of hearing sent by regular mail if "the notice was properly addressed and mailed according to normal office procedures." *Matter of M-R-A-*, 24 I. & N. Dec. at 673. However, such presumption is weaker than when the notice is sent by certified mail. *Id.* In evaluating whether an alien has rebutted the presumption of receipt by mail, the BIA is to consider all relevant evidence, and, a number of factors are relevant, including:

> (1) the respondent's affidavit; (2) affidavits from family members or other individuals who are knowledgeable about the facts relevant to whether notice was received; (3) the respondent's actions upon learning of the in absentia order, and whether due diligence was exercised in seeking to redress the situation; (4) any prior affirmative

3

application for relief, indicating that the respondent had an incentive to appear; (5) any prior application for relief filed with the Immigration Court or any prima facie evidence in the record or the respondent's motion of statutory eligibility for relief, indicating that the respondent had an incentive to appear; (6) the respondent's previous attendance at Immigration Court hearings, if applicable; and (7) any other circumstances or evidence indicating possible nonreceipt of notice.

*Id.* at 673-74.

Here, the BIA did not err in concluding that Foster was provided proper notice of her removal proceedings. The BIA properly applied the weaker presumption of delivery. *See Matter of M-R-A-*, 24 I. & N. Dec. at 673. The BIA noted that, in her statement, Foster admitted that the NTA was mailed to her correct address, but she asserted that she had not received it. The BIA determined that her statement and the other evidence submitted was insufficient to overcome the presumption of delivery because none of the evidence provided an explanation as to why the notice was not received. The BIA also determined that Foster did not exercise due diligence despite her claims that she contacted USCIS because she waited over nine years to file her motion to reopen and it noted that her criminal history gave her an incentive not to appear. There is nothing in the record that compelled the BIA to conclude that Foster did not have sufficient notice of her removal proceedings. *See Lonyem*, 352 F.3d at 1340. Accordingly, the IJ and

BIA did not abuse their discretion in denying Foster's motion to reopen.

**PETITION DENIED.**