[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-12323
Non-Argument Calendar
_____

D. C. Docket No. A073-110-690

DEMETRIUS HELENO DA SILVA,

Petitioner,

versus

UNITED STATES ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____
(February 5, 2013)

Before HULL, JORDAN, and EDMONDSON, Circuit Judges.

PER CURIAM:

Demetrius Heleno Da Silva petitions for review of the order by the Board of Immigration Appeals ("BIA") dismissing his appeal of the Immigration Judge's ("IJ's") order.  The IJ's order denied Da Silva's motion to reopen his in absentia deportation order.  No reversible error has been shown; we deny the petition.

Da Silva, a native and citizen of Brazil, entered the United States as a visitor for pleasure with authorization to remain in the United States for only a temporary period.  On 17 August 1994, the former Immigration and Naturalization Service ("INS") served Da Silva with an Order to Show Cause ("OSC") by certified mail at a Deerfield Beach, Florida, address.  The OSC charged Da Silva as removable pursuant to former 8 U.S.C. § 1251(a)(1)(B) (1994), as an alien who remained in the United States for a time longer than permitted.  Da Silva signed the certified mail return receipt on 25 August 1994, acknowledging that he had received the OSC.

Two months later -- on 28 October 1994 -- the Immigration Court sent Da Silva notice of his deportation hearing by certified mail to the same Deerfield Beach address to which the OSC had been delivered.  Da Silva signed the return receipt, acknowledging that he had received the hearing notice.  The return receipt did not reflect the date that the hearing notice was delivered.  But a date stamp on the back of the return receipt postcard reflected that the Immigration Court

2

received the signed return receipt on 2 November 1994. When Da Silva failed to appear at his 22 December 1994 deportation hearing, the IJ conducted an in absentia hearing and ordered Da Silva deported.

In 2011, Da Silva filed a motion to reopen and rescind his removal proceedings. In support of his motion, Da Silva alleged that he never received notice of his hearing date with the IJ. The IJ denied Da Silva's motion because the record demonstrated that the hearing notice was delivered by certified mail to Da Silva's home and that Da Silva signed a return receipt. The BIA dismissed Da Silva's appeal, finding that Da Silva received proper notice of his hearing date.[1]

On appeal, Da Silva argues that the BIA abused its discretion by refusing to reopen his proceedings. Da Silva maintains that he failed to attend his deportation hearing because he did not receive timely notice of his hearing date.

We review the BIA's decision in this case because the BIA did not expressly adopt the IJ's decision. See Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001) (noting that we review the BIA's decision; but "[i]nsofar as the [BIA] adopts the IJ's reasoning, we will review the IJ's decision as well"). We

---

[1]The BIA declined to grant Da Silva's motion pursuant to the BIA's sua sponte authority because Da Silva failed to establish "exceptional circumstances" warranting such relief. We lack jurisdiction to review that portion of the BIA's decision. See Lenis v. U.S. Att'y Gen., 525 F.3d 1291, 1294 n.7 (11th Cir. 2008).

review the denial of a motion to reopen for an abuse of discretion.  Jiang v. U.S.

Att'y Gen., 568 F.3d 1252, 1256 (11th Cir. 2009).  "Our review is limited to

determining whether the BIA exercised its discretion in an arbitrary or capricious

manner."  Id.

An alien may file a motion to reopen at any time seeking to rescind an in

absentia deportation order if the alien demonstrates that he did not receive proper

statutory notice of his hearing.  8 U.S.C. § 1252b(c)(3)(B) (1994).[2]  Written notice

of the time and place of the hearing and the consequences of the failure to appear

at the hearing must be given in person to the alien or -- if personal service is not

practicable -- by certified mail.  8 U.S.C. § 1252b(a)(2) (1994).  Where service of

a hearing notice was sent by certified mail and "there is proof of attempted

delivery and notification of certified mail, a strong presumption of effective

service arises."  Matter of Grijalva, 21 I. & N. Dec. 27, 37 (BIA 1995).

Whether an alien received sufficient notice of his removal hearing is a

finding of fact.  See Contreras-Rodriguez v. U.S. Att'y Gen., 462 F.3d 1314, 1317

(11th Cir. 2006).  And we consider the administrative factual findings "conclusive

---

[2]Based on the date of the hearing notice in Da Silva's case, former 8 U.S.C. § 1252b
(1994) applies.

unless a reasonable factfinder would be compelled to conclude to the contrary."

Lonyem v. U.S. Att'y Gen., 352 F.3d 1338, 1340 (11th Cir. 2003).

The BIA abused no discretion in denying Da Silva's motion to reopen.  The record indicates -- and Da Silva does not dispute -- that Da Silva received notice of his deportation hearing.  The issue is when he received such notice.[3]  Although the signed return receipt does not specify a delivery date, the back of the return receipt indicates that the Immigration Court received the receipt on 2 November 1994.  Given this evidence, for the BIA to find that Da Silva received notice before his 22 December 1994 hearing date was reasonable.

Da Silva argues that -- because the page in the record showing the 2 November date stamp (which is a photocopy of the reverse side of a return receipt postcard) contained no other identifying information -- it is "plausible" that the page was part of another unrelated case.  He also contends that it is "just as plausible" that he received notice of his hearing date after the hearing had already taken place.  Even assuming -- without deciding -- that Da Silva's version of the facts is "plausible," he has failed to show that a reasonable factfinder would be compelled to conclude that he did not receive timely notice of his hearing.  Thus,

---

[3]Da Silva has no independent memory of the date on which he received notice of his hearing date.

the BIA's factual finding about the timeliness of the hearing notice is conclusive.

See Lonyem, 352 F.3d at 1340.[4]  Because Da Silva received proper notice of his

hearing date, the BIA did not abuse its discretion in denying his motion to reopen.

See 8 U.S.C. § 1252b(c)(3)(B) (1994).

      PETITION DENIED.

---

[4]Da Silva also argues that in absentia deportation orders should be issued only against aliens who obstruct the process.  Because Da Silva raised this challenge to his original deportation proceedings for the first time on appeal from the IJ's denial of his motion to reopen, he failed to exhaust his administrative remedies; and we lack jurisdiction to consider this issue. See Amaya-Artunduaga v. U.S. Att'y Gen., 463 F.3d 1247, 1250-51 (11th Cir. 2006).

6