[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-14251
Non-Argument Calendar
_____

Agency No. A089-973-242


ISAIT MENDEZ-CANO,
a.k.a. Isait Mendez Cano,

      Petitioner,

versus

U.S. ATTORNEY GENERAL,

      Respondent.


_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(April 8, 2013)

Before WILSON, MARTIN and FAY, Circuit Judges.

PER CURIAM:

Isait Mendez-Cano (Mendez) seeks review of the Board of Immigration Appeals' (BIA) denial of his appeal of the Immigration Judge's (IJ) motion to reopen his *in absentia* order of removal.  On petition for review, Mendez argues that the BIA abused its discretion when it found that Mendez failed to demonstrate that "exceptional circumstances" prevented him from attending his master calendar hearing.

The Supreme Court has held that federal courts generally have jurisdiction to review orders denying motions to reopen.  *See Kucana v. Holder*, 558 U.S. 233, ___, 130 S. Ct. 827, 839–40 (2010).  We review the BIA's denial of a motion to reopen for an abuse of discretion.  *Ali v. U.S. Att'y Gen.*, 443 F.3d 804, 808 (11th Cir. 2006) (per curiam).  The BIA's discretion is quite broad, and review "is limited to determining whether there has been an exercise of administrative discretion and whether the matter of exercise has been arbitrary or capricious."  *Id.* (internal quotation marks omitted).  The administrative factual findings are considered "conclusive unless a reasonable factfinder would be compelled to conclude to the contrary."  *Lonyem v. U.S Att'y Gen.*, 352 F.3d 1338, 1340 (11th Cir. 2003) (per curiam).  In the context of a motion to reopen, whether an alien received sufficient notice of his removal hearing is a finding of fact.  *See Contreras-Rodriguez v. U.S. Att'y Gen.*, 462 F.3d 1314, 1317 (11th Cir. 2006) (per curiam) (granting petition for review and remanding for the BIA to consider in the

2

first instance whether petitioner received a sufficient notice of hearing before being removed *in absentia*).

Any alien who does not attend a proceeding after written notice has been provided is subject to removal *in absentia* if the government establishes by "clear, unequivocal, and convincing evidence" that it gave written notice and that the alien was removable.  8 U.S.C. § 1229a(b)(5)(A).  An *in absentia* order can be issued if notice had been provided to the alien or to the alien's counsel of record.  *Id.*; *see also* 8 U.S.C. § 1229(a)(2)(A).  Receipt of notice by counsel is sufficient to deny a motion to reopen based on a lack of notice.  *See Anin v. Reno*, 188 F.3d 1273, 1277 (11th Cir. 1999) (per curiam).

An alien may seek rescission of an *in absentia* removal order by filing a motion to reopen at any time if the alien demonstrates that (i) exceptional circumstances justified his failure to appear, or (ii) he did not receive notice of the hearing and his failure to appear was through no fault of his own.  8 U.S.C. § 1229a(b)(5)(C)(i), (ii).  "Exceptional circumstances" are defined by statute as

> exceptional circumstances (such as battery or extreme cruelty to the alien or any child or parent of the alien, serious illness of the alien, or serious illness or death of the spouse, child, or parent of the alien, but not including less compelling circumstances) beyond the control of the alien.

8 U.S.C. § 1229a(e)(1).

Throughout the course of proceedings, Mendez never contested the fact that his counsel received notice of the March 31 hearing. The fact that counsel was present at the March 31 hearing suggests that counsel did receive notice of it. Nothing in the record compels a conclusion that Mendez's counsel did not receive notice of the hearing. *See Lonyem*, 352 F.3d at 1340. Therefore, as a result, the BIA did not abuse its discretion in denying Mendez's motion to reopen based on an alleged lack of notice. *See Anin*, 188 F.3d at 1277.

The BIA also did not abuse its discretion in finding that Mendez failed to demonstrate that "exceptional circumstances" prevented him from appearing at the March 31 hearing. Mendez presented evidence that his wife was in the hospital on March 24 and 25, and affidavit testimony that he and his wife were unable to access their mail from March 24 until sometime after March 31. However, he did not present any evidence explaining why the March 24 accident prevented him from learning about his March 31 hearing, of which he could have had notice through his counsel in January or February. Mendez also failed to present any evidence that suggested that, had he known about the hearing, exceptional circumstances would have prevented his attendance. Because Mendez failed to demonstrate that he was entitled to have his *in absentia* order reopened under either statutory justification, the BIA did not abuse its discretion in affirming the

4

IJ's denial of Mendez's motion to reopen, and we deny Mendez's petition for review. *See Ali*, 443 F.3d at 808.

**PETITION DENIED.**