[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-10039
Non-Argument Calendar
_____

Agency No. A098-115-728


EDWIN OQUELI CABRERA-OLIVA,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.


_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(September 24, 2014)

Before HULL, MARCUS, and FAY, Circuit Judges.

PER CURIAM:

Edwin Oqueli Cabrera-Oliva, a native and citizen of Honduras, seeks review

of the final order of the Board of Immigration Appeals ("BIA") dismissing his

appeal from the Immigration Judge's ("IJ") denial of his motion to reopen his *in absentia* order of removal.  We deny the petition.

## I. BACKGROUND

Cabrera-Oliva illegally entered the United States on September 3, 2004, in Texas.  On September 4, 2004, an immigration officer personally served Cabrera-Oliva with a Notice to Appear ("NTA") at a hearing on February 11, 2005.  Cabrera-Oliva was removable under INA § 212(a)(6)(A)(i), 8 U.S.C. § 1182(a)(6)(A)(i), for entering the United States without being admitted or paroled by an immigration officer.  Cabrera-Oliva signed the NTA and placed his fingerprint on the document.

On January 3, 2005, Cabrera-Oliva moved for change of venue.  In the motion, he admitted he had received the NTA, and he was removable as charged. He provided his current address as 1753 NW 18 Terrace, #3, Miami, Florida, 33125, and requested that venue be changed to Miami.

The IJ granted the motion.  On February 3, 2005, the Miami immigration court sent a Notice of Hearing to Cabrera-Oliva by regular mail to 1753 N.W. 18 Terra #3, Miami, Florida, 33125.  The notice informed him he was required to appear at a master calendar hearing on August 19, 2005.  Cabrera-Oliva did not appear.  The IJ conducted the hearing *in absentia*, pursuant to INA § 240(b)(5)(A), 8 U.S.C. § 1229a(b)(5)(A), during which the IJ concluded that Cabrera-Oliva was

2

removable as charged and ordered him removed.  The immigration court mailed a copy of the *in absentia* order to Cabrera-Oliva's address in Miami.

Over seven years later, on January 7, 2013, Cabrera-Oliva filed an emergency motion to reopen the *in absentia* removal order.  Cabrera-Oliva argued he had never received the NTA placing him in removal proceedings, the Notice of Hearing ordering him to appear to an immigration hearing, or the *in absentia* removal order, and submitted his supporting sworn affidavit.  On January 22, 2013, the IJ granted the motion to reopen without discussion.

On January 25, 2013, the Department of Homeland Security ("DHS") filed a response in opposition to Cabrera-Oliva's motion to reopen.  DHS contended Cabrera-Oliva's affidavit was not believable, because it contains Cabrera-Oliva's patently false statements.  Cabrera-Oliva further had lied about not receiving the NTA at a removal hearing in Texas.  On January 28, 2013, the IJ rescinded his order reopening removal proceedings and denied the motion to reopen.

Noting the IJ's rescission of the order initially granting the motion to reopen, Cabrera-Oliva, filed an emergency motion to reconsider the denial of his motion to reopen the *in absentia* order.  Although he had received the NTA, Cabrera-Oliva argued he had never received the Notice of Hearing of the time, date, and location of the removal hearing to be held in Miami.  On February 11, 2013, the IJ denied

the motion to reconsider.  Cabrera-Oliva appealed to the BIA, which remanded the case to the IJ for preparation of a full decision.

On remand, the IJ found Cabrera-Oliva had not provided any documentation to support his contention that he never received the Notice of Hearing.  The Notice of Hearing had been mailed to Cabrera-Oliva at the address he had provided in his motion for change of venue.  If he had changed his address, it was his duty to update his contact information with the immigration court, and the NTA warned him of that duty.  The IJ also stated that, because Cabrera-Oliva untruthfully asserted in his motion to reopen that he did not receive the NTA, the IJ doubted Cabrera-Oliva did not receive the subsequent Notice of Hearing.  Moreover, Cabrera-Oliva filed his motion to reopen over seven years after he was ordered removed.  He was aware he had been placed in removal proceedings, but failed to inquire about his appearance at immigration court until he was detained.  Cabrera-Oliva had not shown diligence in ensuring he attended court as ordered, which also belied his claim that he was unaware of his hearing date.  The IJ denied the motion to reopen the *in absentia* removal order and found Cabrera-Oliva had not overcome the presumption he had received the Notice of Hearing, when it was addressed properly and sent by regular mail.

Cabrera-Oliva again appealed to the BIA and argued, once a case was reopened, the IJ had no legal basis to "un-reopen" the case.  Admin. R. at 7.  The

4

BIA affirmed the IJ's decision and dismissed the appeal.  The BIA held Cabrera-Oliva had not rebutted the weaker presumption of delivery of the Notice of Hearing, which was sent by regular mail.  The BIA noted Cabrera-Oliva had been served personally with the NTA, the Notice of Hearing had been mailed to the last address he had provided, and the Notice of Hearing had not been returned as undeliverable.  Cabrera-Oliva had not submitted any affidavits from others knowledgeable about whether notice was received and had not demonstrated an incentive to appear for his 2005 hearing.  The BIA also agreed with the IJ that Cabrera-Oliva had not exercised due diligence in addressing his immigration matters.

The BIA also stated, to the extent Cabrera-Oliva asserted the INA and regulations violated his due process rights, it lacked jurisdiction to rule upon the constitutionality of the INA and corresponding regulations.  The BIA noted Cabrera-Oliva had no constitutionally protected liberty interest in having his case reopened.

## II. DISCUSSION

On appeal, Cabrera-Oliva argues his removal proceedings should have been reopened, because he never received the Notice of Hearing.  He contends the BIA violated his Fifth Amendment due process rights by refusing to reopen the *in absentia* order.  He further asserts, once an IJ reopens removal proceedings, the IJ

5

lacks statutory or regulatory authority to "unreopen" removal proceedings. Admin. R. at 7. He additionally contends the BIA abused its discretion by failing to address directly his argument concerning the "unreopening" of removal proceedings.[1]

The Supreme Court has held federal courts generally have jurisdiction to review orders denying motions to reopen. *See Kucana v. Holder*, 558 U.S. 233, 253, 130 S. Ct. 827, 840 (2010). We review the BIA's denial of a motion to reopen for abuse of discretion. *Ali v. U.S. Att'y Gen.*, 443 F.3d 804, 808 (11th Cir. 2006) (per curiam). The BIA's factual findings are considered "conclusive unless a reasonable factfinder would be compelled to conclude to the contrary." *Lonyem v. U.S. Att'y Gen.*, 352 F.3d 1338, 1340 (11th Cir. 2003) (per curiam). In the context of a motion to reopen, whether an alien received sufficient notice of his removal hearing is a finding of fact. *See Contreras-Rodriguez v. U.S. Att'y Gen.*, 462 F.3d 1314, 1317 (11th Cir. 2006) (per curiam) (granting petition for review and remanding for BIA to consider whether petitioner received sufficient notice of hearing before being removed *in absentia*).

---

[1] Cabrera-Oliva also argues on appeal that the IJ impermissibly considered DHS's response in opposition to the motion to reopen because the response was untimely. He did not exhaust this issue by raising it before the BIA; therefore, we lack jurisdiction to consider it. *Amaya-Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1250 (11th Cir. 2006) (holding we lack jurisdiction to consider a claim raised in a petition for review unless the petitioner has exhausted that claim by raising it before the BIA).

"To establish due process violations in removal proceedings, aliens must show that they were deprived of liberty without due process of law, and that the asserted errors caused them substantial prejudice." *Scheerer v. U.S. Att'y Gen.*, 513 F.3d 1244, 1253 (11th Cir. 2008) (citation and internal quotation marks omitted). The failure to receive relief that is purely discretionary in nature, such as the grant of a motion to reopen, does not amount to a deprivation of a liberty interest. *Id.* (concluding petitioner could not establish due process violation based on BIA's denial of his motion to reopen).

Any alien, who does not attend a proceeding after written notice has been provided, is subject to removal *in absentia* if the government establishes by "clear, unequivocal, and convincing evidence" it gave written notice, and the alien was removable. INA § 240(b)(5)(A), 8 U.S.C. § 1229a(b)(5)(A). A mailing to the last known address is sufficient to satisfy the government's duty to provide an alien with notice of a deportation proceeding. *Dominguez v. U.S. Att'y Gen.*, 284 F.3d 1258, 1260 (11th Cir. 2002) (per curiam).

An alien may seek rescission of an *in absentia* removal order by filing a motion to reopen at any time, if he demonstrates he did not receive proper notice of the removal proceedings. INA § 240(b)(5)(C)(ii), 8 U.S.C. § 1229a(b)(5)(C)(ii). The BIA presumes receipt of a Notice of Hearing sent by regular mail if "the notice was properly addressed and mailed according to normal office procedures."

7

*Matter of M-R-A-*, 24 I. & N. Dec. 665, 673 (BIA 2008). "This presumption, however, is weaker than that accorded to notice sent by certified mail." *Id.* In evaluating whether an alien has rebutted the presumption of receipt by mail, the BIA must consider all relevant evidence. *Id.* at 673-74.

"An Immigration Judge may upon his or her own motion at any time, . . . reopen or reconsider any case in which he or she has made a decision, unless jurisdiction is vested with the Board of Immigration Appeals." 8 C.F.R. § 1003.23(b)(1). An IJ has discretion to grant or deny a motion to reopen. *Id.* § 1003.23(b)(1)(iv). The BIA is not required to discuss in its opinion every piece of evidence presented. *Seck v. U.S. Att'y Gen.*, 663 F.3d 1356, 1364 (11th Cir. 2011). Where the BIA has given reasoned consideration to the petition and made adequate findings, we will not require it to address specifically each claim the petitioner made or each piece of evidence the petitioner presented. *Id.* The BIA "must consider the issues raised and announce its decision in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted." *Id*. (citation and internal quotation marks omitted).

First, to the extent Cabrera-Oliva argues the IJ and BIA violated his due process rights by failing to hold a hearing on his motion to reopen, an alien has no constitutionally protected liberty interest in having his case reopened. *Scheerer*, 513 F.3d at 1253. His argument that the IJ violated his due process rights by

8

holding the deportation hearing *in absentia* fails, because the IJ was permitted to hold the hearing *in absentia* when the government provided evidence that Cabrera-Oliva received notice of the hearing. INA § 240(b)(5)(A), 8 U.S.C. § 1229a(b)(5)(A).

Second, the IJ and BIA did not err in concluding Cabrera-Oliva received proper notice of his removal proceedings. The BIA properly applied the weaker presumption of delivery. *See Matter of M-R-A-*, 24 I & N. Dec. at 673. Considering all relevant evidence, the BIA noted Cabrera-Oliva personally received the NTA, the Notice of Hearing was mailed to the last address he provided to the immigration court, and the Notice of Hearing was not returned as undeliverable. In addition, Cabrera-Oliva did not submit affidavits from others knowledgeable about whether notice was received, did not exercise due diligence in seeking to address his immigration matters, and did not demonstrate he had an incentive to appear for his 2005 hearing. Although Cabrera-Oliva argues he has a legitimate claim for asylum, he has not elaborated on that claim and has not demonstrated he had such a claim prior to his hearing in 2005. Therefore, the IJ and BIA did not abuse their discretion in denying Cabrera-Oliva's motion to reopen.

Third, contrary to Cabrera-Oliva's assertion, the pertinent immigration regulations provide that an IJ may reconsider, *sua sponte* and at any time, any case

in which he or she has made a decision. 8 C.F.R. § 1003.23(b)(1). The IJ in this case was permitted to reconsider his earlier decision to reopen removal proceedings, rescind that decision, and enter a new order denying the motion to reopen. The IJ did not abuse his discretion by denying the motion to reopen. Cabrera-Oliva's argument that the rescission of the grant of the motion to reopen violated his due process rights lacks merit. *Cf. Scheerer*, 513 F.3d at 1253 (recognizing a petitioner cannot establish a due process violation based on the denial of a motion to reopen).

Finally, the BIA did not abuse its discretion by not addressing directly Cabrera-Oliva's claim that the IJ lacked statutory and regulatory authority to "unreopen" his removal proceedings. *See Seck*, 663 F.3d at 1364 (noting BIA is not required to address each claim petitioner made). The BIA acknowledged in its recitation of the procedural history the IJ rescinded the prior order reopening removal proceedings. Had the BIA believed the IJ somehow lacked authority to do so, the BIA would have addressed the issue, and the IJ was permitted to reconsider the decision to reopen removal proceedings at any time.

**PETITION DENIED.**