[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-11132

Non-Argument Calendar

_____

ESTEBAN RAMOS SANCHEZ,
a.k.a HERMELINDO MENDEZ-TOLCHA,

                                                           Petitioner,

*versus*

U.S. ATTORNEY GENERAL,

                                                           Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
Agency No. A079-764-686

_____

_____

Before JORDAN, NEWSOM, and BRANCH, Circuit Judges.

PER CURIAM:

An Immigration Judge ("IJ") denied Esteban Ramos Sanchez's motion to reopen his *in absentia* order of removal. The Board of Immigration Appeals ("BIA") affirmed. Ramos Sanchez now seeks review of the BIA's final order. He argues that the BIA failed to give reasoned consideration to his claim that he didn't receive the notice to appear ("NTA") and abused its discretion in denying his motion to reopen his removal proceedings because he didn't meet his burden to show lack of receipt. We agree that the BIA did not give reasoned consideration to his NTA challenge; accordingly, we need not reach the motion-to-reopen issue.

We review the BIA's decision as the final judgment and the IJ's decision to the extent that the BIA expressly adopted it or relied on its reasoning. *Bing Quan Lin v. U.S. Att'y Gen.*, 881 F.3d 860, 872 (11th Cir. 2018).

We review claims of legal error, including claims that the BIA did not provide reasoned consideration of its decision, *de novo. Id.* The BIA's factual findings are conclusive unless a reasonable factfinder would be compelled to conclude otherwise. *Lonyem v. U.S. Att'y Gen.*, 352 F.3d 1338, 1340 (11th Cir. 2003). Whether a noncitizen received sufficient notice of his removal hearing is a finding of fact for a motion to reopen. *Contreras-Rodriguez v. U.S. Att'y Gen.*, 462 F.3d 1314, 1317 (11th Cir. 2006).

The BIA must give reasoned consideration to a petitioner's claims. *See Lin*, 881 F.3d at 874. We inquire only whether the BIA "considered the issues raised and announced its decision in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted." *Id.* (quotation marks omitted). The BIA need not discuss all record evidence, but it must discuss "highly relevant" evidence, which we have defined as that evidence which would compel a different outcome if considered. *Ali v. U.S. Att'y Gen.*, 931 F.3d 1327, 1334 (11th Cir. 2019). When the BIA fails to give reasoned consideration to a petitioner's claims, we remand those claims. *Jathursan v. U.S. Att'y Gen.*, 17 F.4th 1365, 1372 (11th Cir. 2021).

A noncitizen who has been given written notice of proceedings and fails to appear may be ordered removed *in absentia* if the Department of Homeland Security "establishes by clear, unequivocal, and convincing evidence" that notice was provided and that the noncitizen is removable. Immigration and Nationality Act § 240(b)(5)(A), 8 U.S.C. § 1229a(b)(5)(A). Among other ways, a noncitizen may seek rescission of an *in absentia* removal order by moving to reopen at any time if the noncitizen demonstrates that he did not receive proper notice of the removal proceedings. *Id.* § 1229a(b)(5)(C)(ii).

Written notice of a hearing may be given by mail. *Id.* § 1229(a)(1). A noncitizen has an affirmative duty to provide the government with a correct address and must notify the attorney general within ten days from the date of a change of address. *Id.*

§ 1305(a). Section 1229(a)(1)(F) requires the NTA to inform the noncitizen of his obligation to update the Attorney General in writing with any address updates and inform him of the consequences if he does not update his address. *Id.* § 1229(a)(1)(F)(ii)–(iii). Written notice is considered sufficient "if provided at the most recent address provided under section 1229(a)(1)(F) of this title." *Id.* § 1229a(b)(5)(A).

The BIA presumes receipt of notice sent by regular mail—albeit a weaker presumption than if sent by certified mail—if the notice was properly addressed and mailed. *Matter of M-R-A-*, 24 I. & N. Dec. 665, 673 (BIA 2008). The BIA must consider all relevant evidence when evaluating whether a noncitizen has rebutted the presumption of receipt by regular mail. *Id.* at 674. It may consider several factors, including:

> (1) the respondent's affidavit; (2) affidavits from family members or other individuals who are knowledgeable about the facts relevant to whether notice was received; (3) the respondent's actions upon learning of the in absentia order, and whether due diligence was exercised in seeking to redress the situation; (4) any prior affirmative application for relief, indicating that the respondent had an incentive to appear; . . . and (7) any other circumstances or evidence indicating possible nonreceipt of notice.

*Id.* This is a case-by-case inquiry, and an IJ is "neither required to deny reopening if exactly such evidence is not provided nor obliged to grant a motion, even if every type of evidence is submitted." *Id.*

The BIA failed to give reasoned consideration to Ramos Sanchez's challenge to the receipt of his NTA because it did not discuss highly relevant record evidence. Ramos Sanchez filed an affidavit in which he claimed that a "notario"—an unlicensed professional that helps immigrants file paperwork—submitted the asylum application on his behalf without his knowledge. The notario was allegedly the one who provided the address to which the NTA was mailed, not Ramos Sanchez. That calls into question whether the NTA was mailed to an address that qualifies as an address provided under section 1229(a)(1)(F) and thus whether the written notice was sufficient. 8 U.S.C. § 1229(a)(1)(F).

The IJ didn't consider this evidence. The IJ merely held that "there is no evidence in the record that the NTA was returned," and thus that "notice was proper." The IJ failed to acknowledge any other record evidence about whether notice was proper, including Ramos Sanchez's affidavit. The BIA adopted the IJ's order.

Given this lack of reasoned consideration, we grant Ramos Sanchez's petition and remand to the BIA. We need not address whether the BIA abused its discretion in denying his motion to reopen at this time.

**PETITION GRANTED.**