[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-11099
Non-Argument Calendar
_____

Agency No. A205-131-502


ALFREDO MARQUEZ-MARTINEZ,
a.k.a. Alfredomartinez Marquez,
a.k.a. Alfredo Marquez-Marquez,
a.k.a. Jesus Ochoa-Valenzuela,
a.k.a. Alfredo Martinez Marquez,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(October 17, 2018)

Before MARCUS, NEWSOM, and HULL, Circuit Judges.

PER CURIAM:

Alfredo Marquez-Martinez seeks review of the Board of Immigration Appeals's final order affirming the Immigration Judge's denial of his motion to reopen his removal proceedings.  On appeal, Marquez-Martinez argues that it was an abuse of discretion for the IJ and BIA to deny his motion based on (1) his "delay" in filing the (nevertheless timely) motion and (2) his prior attempts to apply for cancellation of removal based on relationships with two other individuals, even though the IJ specifically stated that he did *not* question the legitimacy of Marquez-Martinez's current marriage.  Marquez-Martinez separately contends that the BIA failed to give reasoned consideration to his arguments because it failed to explain why either of the two proffered reasons should be held against him.  The Government argues in response that we lack subject matter jurisdiction because the IJ denied the motion to reopen under its *sua sponte* authority and, alternatively, that the denial of Marquez-Martinez's motion to reopen was not an abuse of discretion.

# I

We address first our subject matter jurisdiction over Marquez-Martinez's appeal.  We review *de novo* whether we have subject matter jurisdiction.  *Amaya-Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1250 (11th Cir. 2006).

Under the Immigration and Nationality Act, this Court may review final orders of removal.  INA § 242(a)(1), 8 U.S.C. § 1252(a)(1).  This jurisdictional

2

grant includes the authority to review orders denying motions to reopen.  *See Patel v. U.S. Att'y Gen.*, 334 F.3d 1259, 1261 (11th Cir. 2003).  In *Lenis v. United States Attorney General*, however, this Court explained that "under the Administrative Procedure Act, judicial review is *not* available when 'agency action is committed to agency discretion by law.'"  525 F.3d 1291, 1294 (11th Cir. 2008) (emphasis added) (quoting 5 U.S.C. § 701(a)(2)).  The *Lenis* Court concluded that it lacked jurisdiction to review the BIA's refusal to reopen immigration proceedings in exercise of its *sua sponte* authority, because the INA did not provide any "standard to govern the BIA's exercise of its discretion" to *sua sponte* reopen immigration proceedings.  *Id.* at 1293; *see also Butka v. U.S. Att'y Gen.*, 827 F.3d 1278, 1283–84 (11th Cir. 2016), *cert. denied sub nom. Butka v. Sessions*, 138 S. Ct. 299 (2017).

But the Supreme Court has explained that this discretionary bar does *not* apply to IJ and BIA decisions reviewing statutory (as opposed to *sua sponte*) motions to reopen.  *Mata v. Lynch*, 135 S. Ct. 2150, 2154 (2015) (citing *Kucana v. Holder*, 558 U.S. 233, 253 (2010)).  Under the INA, an alien may file one "statutory" motion to reopen his removal proceedings, which must (1) state the new facts that will be proven at a hearing if the motion is granted and (2) be supported by affidavits or other evidence.  INA § 240(c)(7)(A)–(B), 8 U.S.C. § 1229a(c)(7)(A)–(B).  A statutory motion to reopen also must be filed within 90

days of a final order of removal.  INA § 240(c)(7)(C)(i), 8 U.S.C.

§ 1229a(c)(7)(C)(i).

It is unclear from the face of Marquez-Martinez's motion whether it is a statutory motion to reopen or a motion for discretionary *sua sponte* reopening.  The Government contends that we do not have subject matter jurisdiction because the IJ denied Marquez-Martinez's motion to reopen "solely in the exercise of discretion," and thus we should treat the motion as a request for the IJ to exercise his *sua sponte* authority to reopen.  But Marquez-Martinez's motion complies with the requirements for a *statutory* motion to reopen—specifically, it states the new facts to be proven (his marriage to his current wife, Joanna Garcia) and is supported by evidentiary material.  *See* INA § 240(c)(7)(B), 8 U.S.C. § 1229a(c)(7)(B).  The motion was also timely filed on July 21, 2015—within 90 days of the May 27, 2015 order granting voluntary departure.  *See* INA § 240(c)(7)(C)(i), 8 U.S.C. § 1229a(c)(7)(C)(i).

Because Marquez-Martinez's motion complies with the statutory requirements, we construe it as a statutory motion to reopen rather than a motion for *sua sponte* reopening.  *See Mata*, 135 S. Ct. at 2154–56 (construing an alien's motion to reopen—which met each requirement of a statutory motion per INA § 240(c)(7)(b)—as a statutory motion to reopen rather than as a request for the Court to exercise its *sua sponte* authority).  Of course, the IJ and BIA may still

4

choose to deny a statutory motion to reopen even when an alien has made out a *prima facie* case of entitlement to relief. *Bing Quan Lin v. U.S. Att'y Gen.*, 881 F.3d 860, 873 (11th Cir. 2018). But this does not divest us of jurisdiction to review the denial of Marquez-Martinez's motion. *See Mata*, 135 S. Ct. at 2154 (noting that, when courts of appeal review a BIA denial of a statutory motion to reopen, "the reason for the BIA's denial makes no difference to the jurisdictional issue"); *see also Kucana*, 558 U.S. at 244. Therefore, we have jurisdiction over this appeal.

## II

We next address whether it was an abuse of discretion for the IJ and BIA to cite only Marquez-Martinez's delay in filing his (still timely) motion to reopen and his two prior relationships as support for denying his motion. *See Contreras-Rodriguez v. U.S. Att'y Gen.*, 462 F.3d 1314, 1316 (11th Cir. 2006) ("We review the denial of a motion to reopen for abuse of discretion."). In so doing, we review the BIA's decision, except to the extent the BIA expressly adopts the IJ's decision—in which case we also review the IJ's decision. *Id.*

When reviewing an agency decision for abuse of discretion, we evaluate whether the agency's exercise of its discretion was arbitrary or capricious. *Abdi v. U.S. Att'y Gen.*, 430 F.3d 1148, 1149 (11th Cir. 2005), *overruled on other grounds by Avila-Santoyo v. U.S. Att'y Gen.*, 713 F.3d 1357 (11th Cir. 2013). The arbitrary-and-capricious standard is "exceedingly deferential"—we are not authorized to

substitute our judgment for an agency's so long as its conclusions are rational. *Miccosukee Tribe of Indians v. United States*, 566 F.3d 1257, 1264 (11th Cir. 2009) (citations omitted). That being said, we may nonetheless find an agency action arbitrary and capricious where an agency has "relied on factors which Congress has not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise." *Id.* (citing *Ala.–Tombigbee Rivers Coal. v. Kempthorne,* 477 F.3d 1250, 1254 (11th Cir. 2007)).

Here, Marquez-Martinez has demonstrated that the denial of his motion to reopen was arbitrary and capricious. As indicated by the BIA, the IJ's decision rested solely on two "negative" grounds: (1) Marquez-Martinez's delay in filing the motion to reopen and (2) Marquez-Martinez's prior relationships. Neither the IJ nor the BIA, however, provided any reason why these factors counted against Marquez-Martinez—indeed, the IJ explicitly *discounted* the only reason for which either factor could support a denial of Marquez-Martinez's motion.

First, neither the IJ nor BIA explained how Marquez-Martinez's "delay" in filing is a negative factor when both acknowledged that the motion was still, in fact, timely filed. *See generally Mata*, 135 S. Ct. at 2150 (recognizing that the BIA may deny a statutory motion to reopen for untimeliness). Although the IJ

6

determined that Marquez-Martinez "could have" filed his motion sooner, neither the IJ nor the BIA addressed the facts that the motion had to be filed in person in Atlanta, that the law required Marquez-Martinez to gather evidence to support his motion, or (most significantly) that the motion was timely filed within six weeks of his marriage. Nor did the IJ or BIA provide support for the premise that a timely-but-not-timely-enough motion is a relevant factor in evaluating an alien's statutory motion to reopen. Under these circumstances, it is unclear why any supposed delay in filing should be held against Marquez-Martinez.

Second, the IJ's and BIA's discussions of Marquez-Martinez's prior relationships do not illuminate why they constitute a "negative" factor. Certainly, there are circumstances in which prior relationships would be relevant—indeed, circumstances such as those in this case *could* give rise to questions about a marriage's legitimacy. *Guzman-Munoz v. U.S. Att'y Gen.,* 733 F.3d 1311, 1312–13 (11th Cir. 2013) (recognizing that the BIA may deny a motion to reopen based on a finding that a petitioner's marriage is not bona fide). The IJ could have reasoned, for example, that Marquez-Martinez's current marriage was likely illegitimate in light of his earlier attempts to remain in the United States based on prior relationships. But that is not what the IJ concluded. Instead, the IJ expressly stated that he did *not* question the legitimacy of Marquez-Martinez's current marriage—but then counted Marquez-Martinez's prior relationships against him

7

anyway.  Absent further explanation, it is unclear why the prior relationships constituted a relevant negative factor in considering whether to grant the motion.

In sum, the BIA and IJ did not explain why the still-timely filing or prior relationships were relevant factors in their decisions on Marquez-Martinez's motion, did not address Marquez-Martinez's arguments about the reasons for his delay or any of his proffered "positive" factors, and specifically disavowed the only obvious reason that his prior relationships would have been relevant.  While our review of agency discretion is "exceedingly deferential," it is not a rubber stamp.  *Miccosukee Tribe*, 566 F.3d at 1264.  Accordingly, we hold that the IJ and BIA's denial of Marquez-Martinez's motion to reopen was arbitrary and capricious as it was based on irrelevant factors.[1]  *See id.* (citing *Kempthorne,* 477 F.3d at 1254).

### III

Finally, we address whether the BIA failed to give reasoned consideration to Marquez-Martinez's arguments.  We review *de novo* whether an agency failed to give an issue reasoned consideration.  *Jeune v. U.S. Att'y Gen.*, 810 F.3d 792, 799 (11th Cir. 2016).

---

[1] We decline to address the Government's argument regarding the weight of the "finality interest" because that factor was not part of either the IJ's or the BIA's decision.  We also decline to address the Government's contention that the IJ improperly extended the time for voluntary departure as the Government did not make this argument to either the IJ or the BIA.

8

To determine whether an agency gave reasoned consideration, we examine whether it "consider[ed] the issues raised and announce[d] its decision in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted." *Seck v. U.S. Att'y Gen.,* 663 F.3d 1356, 1364 (11th Cir. 2011) (citation omitted).  The agency need not specifically address each claim made or each piece of evidence presented, but it must consider all evidence that a petitioner has submitted.  *Id.*  An agency fails to give reasoned consideration "when it misstates the contents of the record, fails to adequately explain its rejection of logical conclusions, or provides justifications for its decision which are unreasonable and which do not respond to any arguments in the record."  *Jeune*, 810 F.3d at 803.

Here, the BIA failed to give reasoned consideration to Marquez-Martinez's argument.  Marquez-Martinez contended that the IJ's decision to deny the motion to reopen was unsupported because it relied on irrelevant factors, and he explained why those factors appeared to be irrelevant.  In response, the BIA merely stated that the IJ "provide[d] reasons," named the two reasons, and then stated that the IJ "properly weighed the positive and negative discretionary factors in this case." Although the BIA is not required to address every argument a petitioner makes, its failure to explain—at all—its rejection of Marquez-Martinez's arguments demonstrates that it did not give his claims reasoned consideration.

9

## IV

Because it was an abuse of discretion for the IJ and BIA to rely on irrelevant, unexplained factors in considering Marquez-Martinez's statutory motion to reopen, and because the BIA did not give reasoned consideration to his claims, we GRANT Marquez-Martinez's petition, VACATE the BIA decision, and REMAND for further proceedings consistent with this opinion.