[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-15094
Non-Argument Calendar

_____

Agency No. A213-044-101

MARLON DIONIRES SOPON-MENDOZA,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(November 13, 2019)

Before MARCUS, ROSENBAUM, and BRANCH, Circuit Judges.

PER CURIAM:

Marlon Dionires Sopon Mendoza petitions for review of the Board of Immigration Appeals' ("BIA") dismissal of his appeal from an Immigration Judge's ("IJ") decision denying his applications for cancellation of removal and voluntary departure and ordering his removal to Guatemala.  Sopon Mendoza presents two arguments in his petition for review.  First, relying on the Supreme Court's recent decision in *Pereira v. Sessions*, ___ U.S. ___, 138 S. Ct. 2105, 2116 (2018), he contends that the IJ and the BIA lacked jurisdiction because he was never served with a notice to appear specifying the time and place of his initial removal hearing.  Second, he maintains that the BIA wrongly concluded that he had waived his challenge to the denial of voluntary departure.  After careful review, we deny the petition as to the first argument and grant the petition as to the second argument.

**I.**

On March 18, 2018, Sopon Mendoza, a native and citizen of Guatemala, was stopped for a traffic violation and then taken into custody by the U.S. Border Patrol. He was served with a notice to appear charging him as removable for being present in the United States without having been admitted or paroled.  *See* 8 U.S.C. § 1182(a)(6)(A)(i).  The notice to appear ordered Sopon Mendoza to appear before an IJ at a date, time, and location "to be set."  A notice of hearing dated March 23 scheduled a hearing for March 27.  The document, which Sopon Mendoza maintains he never received, reflects that it was served on "Alien c/o Custodial Officer."

2

Sopon Mendoza filed a motion for bond and appeared at the March 27 hearing represented by counsel.  The IJ denied bond and then granted a continuance.  Sopon Mendoza applied for cancellation of removal under 8 U.S.C. § 1229b(b)(1) and, alternatively, for voluntary departure under 8 U.S.C. § 1229c(b).  The IJ held a merits hearing and then denied cancellation of removal, concluding that he had not established the necessary "good moral character" or exceptional and extremely unusual hardship to a qualifying relative.  And because he lacked good moral character, according to the IJ, he was also ineligible for voluntary departure.  The IJ therefore ordered Sopon Mendoza removed to Guatemala.

Sopon Mendoza timely appealed the IJ's decision to the BIA.  He presented five arguments in his brief to the BIA: (1) the IJ lacked jurisdiction because the notice to appear did not specify the time and place of his initial removal hearing; (2) the IJ improperly rejected a motion for recusal for pretextual reasons; (3) the IJ erred in finding that he failed to establish good moral character; (4) the IJ erred in finding that he failed to establish the requisite hardship for cancellation of removal; and (5) the IJ should have found that he merited a favorable exercise of discretion.  In the introduction and conclusion sections of his brief, Sopon Mendoza maintained that he should be permitted to voluntarily depart the country if the BIA upheld the denial of cancellation of removal.

3

On November 16, 2018, the BIA issued a decision affirming the IJ's denial of cancellation of removal.  The BIA found that the IJ had jurisdiction and agreed with the IJ that Sopon Mendoza had not established the requisite hardship to be eligible for cancellation of removal.  In a footnote, the BIA concluded that he had waived any challenge to the denial of voluntary departure by failing to contest that decision in his brief.  The BIA did not address the IJ's good-moral-character determination.

Sopon Mendoza now petitions this Court for review, raising two issues: (1) whether the IJ lacked jurisdiction over his removal proceedings; and (2) whether the BIA erred in finding that he had waived his challenge to the IJ's denial of voluntary departure.  The government responds that the IJ had jurisdiction and that, even assuming the voluntary-departure claim was not abandoned, remand to the BIA would be futile.  Citing a declaration attached to its brief on appeal from a "supervisory deportation officer," the government asserts that Sopon Mendoza is now ineligible for voluntary departure because the Department of Homeland Security recently reinstated his removal order after he illegally reentered the United States while this petition was pending.

## II.

We review *de novo* the BIA's legal determinations and interpretations of statutes.  *Castillo-Arias v. U.S. Att'y Gen.*, 446 F.3d 1190, 1195 (11th Cir. 2006).  We review our subject-matter jurisdiction *de novo*.  *Amaya-Artunduaga v. U.S. Att'y*

4

*Gen.*, 463 F.3d 1247, 1250 (11th Cir. 2006). "We lack jurisdiction to consider a claim raised in a petition for review unless the petitioner has exhausted his administrative remedies with respect thereto." *Id.*

### III.

We begin with Sopon Mendoza's argument, based on the Supreme Court's recent decision in *Pereira*, that the government's failure to include the time and date of his initial removal hearing in the notice to appear means the agency did not have jurisdiction over his removal proceedings.

Under 8 U.S.C. § 1229a(a)(1), IJs are granted jurisdiction to "conduct proceedings for deciding the inadmissibility or deportability of an alien." Removal proceedings against an alien are initiated by serving a notice to appear that specifies, among other things, "[t]he time and place at which the proceedings will be held." 8 U.S.C. § 1229(a)(1). A notice to appear that fails to specify the time and place of removal proceedings is defective. *Pereira*, 138 S. Ct. at 2116.

But we recently held that a defective notice to appear is not a jurisdictional defect, foreclosing Sopon Mendoza's arguments on appeal. *Perez-Sanchez v. U.S. Att'y Gen.*, 935 F.3d 1148, 1153 (11th Cir. 2019). Specifically, in *Perez-Sanchez*, which was decided while his petition was pending, we held that defects in a notice to appear do not deprive an IJ or the BIA of jurisdiction to conduct removal proceedings. *Id.* at 1154. Rather, § 1229's requirement that the notice to appear

5

specify the time and place of removal proceedings is a "claim-processing rule" that, even when violated, does not prevent the agency from "properly exercis[ing] jurisdiction over [the alien's] removal hearing based on the authority conferred upon them by 8 U.S.C. § 1229a(a)(1)" and entering a "valid final order of removal." *Id.* at 1154–55, 1157.

Nor does 8 C.F.R. § 1003.14 establish a jurisdictional rule, as Sopon Mendoza contends. That regulation states that "[j]urisdiction vests, and proceedings before an Immigration Judge commence, when a charging document is filed with the Immigration Court by the Service." 8 C.F.R. § 1003.14(a). Despite the regulation's jurisdictional language, we held in *Perez-Sanchez* that 8 C.F.R. § 1003.14 could not override Congress's grant of authority to IJs to conduct removal proceedings. *Perez-Sanchez*, 935 F.3d at 1155–56. Thus, 8 C.F.R. § 1003.14, like 8 U.S.C. § 1229(a), establishes a claim-processing rule, not a jurisdictional one. *Id.* at 1155–57.

In light of *Perez-Sanchez*, we deny Sopon Mendoza's petition for review as to his *Pereira* claim. And Sopon Mendoza does not appear to make an argument that he is entitled to a remand based on the defective notice to appear even if the requirements were claim-processing rules. To the extent the issue has not been abandoned in the petition for review, Sopon Mendoza forfeited the issue below by failing to object to the defective notice to appear until his appeal of the IJ's decision was already pending with the BIA. *See Ortiz-Santiago v. Barr*, 924 F.3d 956, 964–

65 (7th Cir. 2019) (finding forfeiture in nearly identical circumstances).  Nor is there any indication in the record that Sopon Mendoza was harmed by the defective notice to appear, as he attended the initial hearing represented by counsel.[1]

Furthermore, we reject Sopon Mendoza's argument, which he raised in his brief to the BIA, that he was denied due process because the IJ violated 8 U.S.C. § 1229(b)(1) by holding his initial hearing less than ten days after serving him with a notice to appear.  Section 1229(b)(1)'s 10-day requirement is intended to permit "the opportunity to secure counsel before the first hearing date," and the record shows that Sopon Mendoza appeared at the hearing represented by counsel.  In other words, even though § 1229(b)(1) appears to have been violated, any error was harmless.  *See Gonzalez-Oropeza v. U.S. Att'y Gen.*, 321 F.3d 1331, 1333 (11th Cir. 2003) ("In order to establish a due process violation, an alien must show that he was deprived of liberty without due process of law, *and that the asserted error caused him substantial prejudice*." (emphasis added) (citations omitted)).

## IV.

We next consider Sopon Mendoza's argument that the BIA wrongly concluded that he had abandoned his claim for voluntary departure.[2]

---

[1] To be clear, we do not hold that four days between notice of a hearing and the hearing is sufficient under the statutory and regulatory claims-processing provisions.  Rather, on this record, we do not consider that question, since Sopon Mendoza did not raise the issue.

[2] Sopon Mendoza does not challenge the agency's denial of his application for cancellation of removal, so this issue has been abandoned.  *See Cole v. U.S. Att'y Gen.*, 712 F.3d 517, 530 (11th Cir. 2013) (issues not raised on appeal are deemed abandoned).  In any case, we "lack jurisdiction

We ordinarily lack jurisdiction to review the denial of certain forms of discretionary relief, including cancellation of removal and voluntary departure. 8 U.S.C. § 1252(a)(2)(B)(i).  Nevertheless, we retain jurisdiction over constitutional claims or questions of law raised in a petition for review.  8 U.S.C. § 1252(a)(2)(D). An argument that the agency failed to give reasoned consideration to an issue in removal proceedings is a question of law that we review *de novo*. *Jeune v. U.S. Att'y Gen.*, 810 F.3d 792, 799 (11th Cir. 2016).  Because Sopon Mendoza effectively argues that the BIA failed to give reasoned consideration to his claim for voluntary departure, we have jurisdiction to review this argument on appeal.

Voluntary departure permits an alien to depart the United States to the country of his choice and at his own expense in lieu of being removed.  8 U.S.C. § 1229c(a)(1).  Voluntary departure is granted with an alternate order of removal. 8 C.F.R. § 1240.26(d).  An alien is eligible for voluntary departure at the completion of the removal proceedings if the alien (1) has been physically present in the United States for at least one year preceding service of the notice to appear; (2) has been a person of good moral character for at least five years immediately preceding the application; (3) is not deportable as an aggravated felon or on account of terrorist

---

over the BIA's purely discretionary decision that a petitioner did not meet § 1229b(b)(1)(D)'s 'exceptional and extremely unusual hardship' standard." *Martinez v. U.S. Att'y Gen.*, 446 F.3d 1219, 1222–23 (11th Cir. 2006).

8

activity; and (4) has established by clear and convincing evidence that he has the means to depart the United States and intends to do so.  8 U.S.C. § 1229c(b).

To exhaust a claim, a petitioner must have previously argued "the core issue now on appeal" before the BIA.  *Indrawati v. U.S. Att'y Gen.*, 779 F.3d 1284, 1297 (11th Cir. 2015) (quotation marks omitted).  Exhaustion does not require a petitioner to use precise legal terminology or to provide well-developed arguments in support of his claim, but it does require that he "provide information sufficient to enable the BIA to review and correct any errors below."  *Id.*  The petitioner must mention the issue and discuss its merits, or at least contest the basis for the IJ's decision.  *Alim v. Gonzales*, 446 F.3d 1239, 1253 (11th Cir. 2006).  We have found a claim properly exhausted where the petitioner's brief to the BIA referred to the claim in the procedural summary of the case, discussed the factual findings and legal conclusions on the merits of the claim, and then "formally request[ed]" relief on the claim with specific references to the applicable federal statutes and regulations.  *Id.* at 1254.

Here, we conclude that the BIA failed to give reasoned consideration to Sopon Mendoza's claim for voluntary departure.  Sopon Mendoza exhausted this claim by presenting the "the core issue" before the BIA.  *Indrawati*, 779 F.3d at 1297.  Specifically, he stated in his brief's introduction that he was appealing the "decision denying his application[] for . . . Voluntary Departure" and that "he has the means to depart the United States and would do so voluntarily should his application for

cancellation of removal be denied"; he devoted a discrete section of his brief challenging the IJ's good-moral-character determination, which was the sole basis cited by the IJ for denying voluntary departure; and then he requested in the brief's conclusion that the BIA "grant him the opportunity to depart voluntarily." While his brief could have been more explicit, he clearly provided "information sufficient to enable the BIA to review and correct any errors below." *Id.*; *see Alim*, 446 F.3d at 1254. Because Sopon Mendoza adequately raised his objection to the IJ's denial of voluntary departure before the BIA, the BIA erred as a matter of law by failing to give reasoned consideration to the claim and concluding that it had been abandoned.

Ordinarily, the BIA's failure to address a claim properly raised requires remand to the agency. *See Ali v. U.S. Att'y Gen.*, 931 F.3d 1327, 1333 n.6 (11th Cir. 2019) ("On finding a lack of reasoned consideration, we grant the petition for review, vacate the Board's decision, and remand the case for further proceedings."); *Contreras-Rodriguez v. U.S. Att'y Gen.*, 462 F.3d 1314, 1317 (11th Cir. 2006) (remanding because the IJ and BIA failed to address one of the petitioner's claims). The government maintains, however, that remand would be futile in this case because Sopon Mendoza illegally reentered the United States after he was removed to Guatemala in accordance with the removal order. This subsequent conduct, according to the government, renders him ineligible for relief such as voluntary departure pursuant to 8 U.S.C. § 1231(a)(5), which states,

10

> If the Attorney General finds that an alien has reentered the United States illegally after having been removed or having departed voluntarily, under an order of removal, the prior order of removal is reinstated from its original date and is not subject to being reopened or reviewed, the alien is not eligible and may not apply for any relief under this chapter, and the alien shall be removed under the prior order at any time after the reentry.

We conclude that remand is appropriate. It may be that the government is correct on the merits of Sopon Mendoza's claim for voluntary departure. But courts of appeal ordinarily "may not go outside of the administrative record" when resolving petitions for review. *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1278 (11th Cir. 2001); *see* 8 U.S.C. § 1252(b)(4)(A) ("[T]he court of appeals shall decide the petition only on the administrative record on which the order of removal is based.") And nothing in the administrative record supports the government's current claims regarding post-removal events. While the government attaches a supporting declaration to its brief, it has not moved to supplement the record, and new evidence simply attached to a brief on appeal is not properly before this Court. *Cf. Wilson v. Apfel*, 179 F.3d 1276, 1278 (11th Cir. 1999) (concluding in a social security case that the appellant's "new evidence is not properly before the court as it is merely attached as an appendix to [her] brief"). Accordingly, we decline to address questions regarding Sopon Mendoza's eligibility for voluntary departure at this time. We therefore grant Sopon Mendoza's petition on this issue and remand to the BIA for further proceedings consistent with this opinion.

11

**PETITION DENIED IN PART; GRANTED IN PART.**